# EXHIBIT A



18-C-526

Judge: TOD KAUFMAN

AMBER D. HALL VS. GESTAMP WEST VIRGINIA, LLC.,

---

**Plaintiff(s)**

**Plaintiff Attorney(s)**

HALL, AMBER D.

    D. ADRIAN HOOSIER, II|ERICA LORD

**Defendant(s)**

**Defendant Attorney(s)**

GESTAMP WEST VIRGINIA, LLC.,

HOLSTEIN, BARRY

HUGHES, SCOTT

SUPRENANT, KENNETH

          RAJ SHAH

Date Filed: 04/18/2018
Case Type: OTHER CIVIL
Appealed: 0
Final Order Date: N/A
Statistical Close Date: N/A

Hearings:

Pre-Trial Conference: 09/17/2020 - 10:00 AM
Original Trial: 10/05/2020 - 9:00 AM

| Action / Result | Line | Date |
|---|---|---|
| @ CASE INFO; COMPLAINT ISSUED SUM & 5 CPY; F FEE; RCPT 560927; | 0001 | 04/18/2018 |
| $260 | 0002 | |
| # LET FR SS DTD 4/30/18; SUM W/ERT (4/30/18 SS) AS TO GESTAMP | 0003 | 05/04/2018 |
| # WV LLC | 0004 | |
| # (2) E-CERTS FR SS | 0005 | 05/09/2018 |
| # CASE INFO SHEET; GESTAMPE WV LLC'S ANS W/COS | 0006 | 05/31/2018 |
| # CASE INFO SHEET; KENNETH SUPRENANT'S ANS W/COS | 0007 | 06/04/2018 |
| # COS AS TO P'S 1ST INTERROG'S & REQ FOR PROD; FAX COV LET | 0008 | 06/14/2018 |
| # COS AS TO GESTAMP WV LLC'S 1ST INTERROG'S, REQ FOR PROD & REQ | 0009 | 06/25/2018 |
| # FOR ADM'S TO P | 0010 | |
| @ COS AS TO KENNETH SUPRENANT'S RESP TO P'S 1ST SET OF INTERROG' | 0011 | 07/18/2018 |
| & REQ FOR PROD | 0012 | |
| @ COS AS TO GESTAMP WEST VIRGINIA'S RESP TO P'S 1ST SET OF | 0013 | 07/18/2018 |
| INTERROG'S & REQ FOR PROD | 0014 | |
| @ LET FR RAJ SHAH TO CLK DTD 8/31/18; MOT FOR PRO HAC VICE ADM | 0015 | 09/04/2018 |
| OF RONALD W. FLOWERS, JR W/ATTACH & COS | 0016 | |
| @ MOT FOR PRO HAC VICE ADMISSION OF RONALD W. FLOWERS JR W/ATTAC | 0017 | 09/04/2018 |
| " O MAILED TO HOOSIER, LORD & SHAH (S10/11) | 0018 | 10/11/2018 |
| @ COS FOR MOT FOR PRO HAC VICE ADMISSION OF RONALD FLOWERS JR | 0019 | 10/11/2018 |
| LK O: RONALD W. FLOWERS JR ADMITTED PRO HAC VICE S/KAU | 0020 | 10/11/2018 |
| # COS AS TO NOT TO TAKE DEPO | 0021 | 07/01/2019 |
| @ COS AS TO AMD NOT TO TAKE DEPO | 0022 | 07/18/2019 |
| | 0023 | 11/22/2019 |

```
# NOT OF SCHED CONF W/COS (1/17/20 @ 9:15 AM)                0024    01/21/2020

CJD ORDER MLD TO R.FLOWERS,D.HOOSIER,J.TINNEY,R.SHAH;1/17/2020    0025    01/17/2020

LK O: SCHED O (TD 10/5/20 @ 9:00 AM;CONF 9/17/20) S/KAU     0026    01/21/2020

# COS AS TO NOT OF CONT DEPO                                 0027    02/07/2020

# ENVELOPE AS TO JACK TINNEY RET MARKED "UNABLE TO FORWARD"  0028    02/13/2020

# COS AS TO P'S 1ST INTERROG'S & REQ FOR PROD OF DOCS        0029    02/18/2020

# D'S FACT WIT LIST W/COS
```

 CT Corporation

**TO:** Gene T Price, Partner
Burr Forman LLP
420 20th St N Ste 3400
Birmingham, AL 35203-3284

**RE:** **Process Served in West Virginia**

**FOR:** Gestamp West Virginia, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AMBER D. HALL, Pltf. vs. GESTAMP WEST VIRGINIA, LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Attachment(s), Complaint |
| **COURT/AGENCY:** | Kanawha County Circuit Court, WV |
| | Case # 18C526 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On April 25, 2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/03/2018 postmarked on 05/01/2018 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | D. Adrian Hoosier, II |
| | Lord Hoosier PLLC |
| | 225 Hale Street |
| | Charleston, WV 25301 |
| | (304) 345-8030 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780105953241 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 5400 D Big Tyler Road |
| | Charleston, WV 25313 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

658

CERTIFIED MAIL

U.S. POSTAGE >> PITNEY BOWES

ZIP 25311   $ 006.58
02 4W
0000336734 MAY 01 2018

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 3114 73

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

GESTAMP WEST VIRGINIA LLC
C. T. Corporation System
5400 D Big Tyler Road
CHARLESTON, WV 25313

**Control Number:** 218590

**Defendant:** GESTAMP WEST VIRGINIA LLC
5400 D Big Tyler Road
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Kanawha

**Civil Action:** 18-C-526

**Certified Number:** 92148901125134100002311473

**Service Date:** 4/30/2018

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**AMBER D. HALL,**

        **Plaintiff,**

**v.**

        Civil Action: 18-C-526
        Judge: Kaufman

**GESTAMP WEST VIRGINIA, LLC**
**BARRY HOLSTEIN**
**KENNETH SUPRENANT**
**& SCOTT HUGHES,**

        **Defendants.**

## SUMMONS

**TO:  GESTAMP WEST VIRGINIA, LLC**
      **c/o CT Corporation System**
      **5400 D Big Tyler Rd.**
      **Charleston, WV 25313**

    IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Adrian Hoosier, II, Plaintiff's attorney, whose address is Lord Hoosier, PLLC, 225 Hale Street, Charleston, WV 25301**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _____4/18/18_____

**Cathy S. Gatson, Clerk**
_____
Circuit Clerk

By Clyf

**IN THE CIRCUIT COURT OF** ___**KANAWHA**___ **COUNTY, WEST VIRGINIA**

*FILED*
*CP Cop*

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

*2018 APR 18 A 10: 09*

**I. CASE STYLE:**

Case No. _18-C-526_

Judge: _Kaufman_

**Plaintiff(s)**

AMBER D. HALL

_____

_____

_____

vs.

**Defendant(s)**

| | Days to Answer | Type of Service |
|---|---|---|
| GESTAMP WEST VIRGINIA, LLC | 30 | SOS |

Name

C/O CT CORP SYSTEM 5400 D BIG TYLER RD.

Street Address

CHARLESTON, WV 25313

City, State, Zip Code

---

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:_____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:_____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

---

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 04 / 2020

---

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

---

| | Representing: |
|---|---|
| Attorney Name: D. ADRIAN HOOSIER, II | [✓] Plaintiff [ ] Defendant |
| Firm: LORD HOOSIER, PLLC | |
| Address: 225 HALE ST. CHARLESTON, WV 25301 | [ ] Cross-Defendant [ ] Cross-Complainant |
| Telephone: (304) 345-8030 | [ ] 3rd-Party Plaintiff [ ] 3rd-Party Defendant |

[ ] **Proceeding Without an Attorney**

---

Original and ___4___ copies of complaint enclosed/attached.

Dated: 04 / 18 / 2018  Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)   Revision Date: 12/2015

Plaintiff: AMBER D. HALL _____, et al    Case Number: _____
vs.
Defendant: GESTAMP WEST VIRGINIA, LLC _____, et al

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

BARRY HOLSTEIN
Defendant's Name

3100 MacCorkle Ave. Building 307          Days to Answer: __30__
Street Address

South Charleston, WV 25303               Type of Service: PERSONAL/SHERIFF
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH SUPRENANT
Defendant's Name

42 Bridlewood Rd.                        Days to Answer: __30__
Street Address

Charleston, WV 25314                     Type of Service: PERSONAL/SHERIFF
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SCOTT HUGHES
Defendant's Name

3100 McCorkle Ave. Building 307          Days to Answer: __30__
Street Address

South Charleston, WV 25303               Type of Service: PERSONAL/SHERIFF
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

_____                         Days to Answer: _____
Street Address

_____                         Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

_____                         Days to Answer: _____
Street Address

_____                         Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

_____                         Days to Answer: _____
Street Address

_____                         Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant's Name

_____                         Days to Answer: _____
Street Address

_____                         Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

*FILED*

2018 APR 18  A 10: 09

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

**AMBER D. HALL,**

**Plaintiff,**

**v.**

Civil Action No. 17-C- **526**
Judge:
Jury Trial Demanded  *Kaufman*

**GESTAMP WEST VIRGINIA, LLC,**
**BARRY HOLSTEIN,**
**KENNETH SUPRENANT,**
**& SCOTT HUGHES,**

**Defendants.**

## COMPLAINT

1.     Plaintiff was employed at Gestamp's facility in South Charleston, West Virginia from February 2014 to April 25, 2017.

2.     On December 3, 2016, Plaintiff had an anxiety attack at work and was taken out of the building in an ambulance.

3.     After that, Plaintiff's doctor placed her on FMLA from December 3 to December 19, 2016, in order to get treatment for her acute anxiety stemming from her PTSD.

4.     Plaintiff continued to receive medical treatment for anxiety from her PTSD after she returned from FMLA.

5.     Plaintiff suffered another anxiety attack at work on January 17, 2017.

6.     Plaintiff's doctors placed her on FMLA again from January 17 until March 20, 2017. She continued to receive treatment and therapy for her PTSD anxiety during this time.

7.  Plaintiff called Scott Hughes, the HR Department Manager at Gestamp, to inform him that she was not sure when she would be released to come back to work.

8.  Hughes informed Plaintiff that Gestamp's policies had changed, and that she had three months of FMLA to use in 2017.

9.  Hughes also informed Plaintiff that she qualified for short-term disability, which would allow her to get paychecks at her base pay rate of just over $1600 per two weeks while she recovered.

10.  Plaintiff, on Hughes' advice, went on short-term disability concurrently with her FMLA leave, beginning on January 17, 2017.

11.  On March 15, 2017, Plaintiff called Scott Hughes to inform him that she was requesting to return to work, that she was having her therapist agree to release her back to work, and that her psychiatrist would sign off as soon as her therapist did.

12.  Hughes claimed to have sent a certified letter to Plaintiff to let her know she had used up her FMLA leave, telling her that he had sent it weeks before this March 15 phone call.

13.  During this call, Plaintiff inquired why Hughes was telling her that her FMLA was used up given that in January, he told her she had three months of FMLA to use as needed.

14.  Hughes denied having told Plaintiff she had three months of FMLA leave.

15.  Plaintiff received notice of this letter on March 15, the same day as her call with Hughes, when the postal service left her a notice that she had missed them and she would need to come sign for the letter at the post office.

16.    Plaintiff left short-term disability on March 17, as she returned to work on Monday, March 20, 2017.

17.    During the final three weeks before Plaintiff returned, her team leader (subordinate) Aaron Lambert was covering her position at Gestamp as a group leader (supervisor).

18.    When Plaintiff returned to work, she approached her new supervisor Kenneth Suprenant, and asked him how her job duties had changed since Gestamp had created the supervisor position to manage the group leaders.

19.    Suprenant informed Plaintiff that her duties had not changed at all.

20.    While Plaintiff was out of the plant on FMLA, her desk was in use by team leader Aaron Lambert, while he filled in for her.

21.    Plaintiff asked about getting her desk back, and Suprenant told Plaintiff that she was not permitted to have her desk back until Rusty Mossberger came to the area and okayed it.

22.    When Plaintiff returned, the Business Operating System boards near the lobby of the plant listed Aaron Lambert's name under Plaintiff's.

23.    It was not standard practice for team leaders at Gestamp to take over the jobs of group leaders in perpetuity without a promotion, as group leaders are above team leaders in terms of pay scale and responsibilities.

24.    Suprenant treated Lambert as Plaintiff's superior after her return to work at Gestamp, despite the fact Lambert should have been reporting directly to Plaintiff.

25. Plaintiff was one of only two female group leaders at Gestamp's South Charleston facility, out of twelve group leaders in the facility.

26. On April 11, 2017, Plaintiff was on the line speaking with her team leaders Rhonda Holbert, Chuck Pennington, and Chris Groom.

27. Groom told Plaintiff that she was looking good.

28. Plaintiff was relating a story about working out at the gym when Erica Haynes approached the group and asked why everyone was laughing.

29. Plaintiff began relating the story to Haynes as well, leading to Plaintiff and Haynes exchanging positive comments about each others' posteriors.

30. Haynes then made a comment praising Plaintiff's breasts.

31. Plaintiff reacted to this comment with further joking, understanding the interaction to be lighthearted and humorous.

32. The parties parted ways without complaint.

33. Soon thereafter, Haynes submitted a request for absence to the Plaintiff for approval. Haynes submitted the request for absence on 3/28/2017- the request was denied- Haynes was told she could go to Suprenant to have it approved- she spent the day calling Plaintiff a "Bitch" down the line.

34. Plaintiff denied the request because it would have violated company rules by having over ten percent of her workers out on leave for that day.

35. Plaintiff advised Haynes that if she needed that day off, she could go to Suprenant and get him to approve it, as Plaintiff did not have the authority to approve leave which would violate Gestamp's ten percent headcount rule.

36.     Haynes was incensed by this refusal and began complaining about Plaintiff to all who would listen for the rest of that day, walking the assembly line and referring to Plaintiff as "a bitch."

37.     Haynes – to the surprise of everyone, including Plaintiff - had filed a complaint of sexual harassment against Plaintiff on April 21, 2017.

38.     Haynes had been moved out of Plaintiff's area at the plant on April 20, 2017.

39.     Multiple plant personnel told Plaintiff that Kenneth Suprenant had coached Erica Haynes  into filing a sexual harassment complaint against Plaintiff.

40.     Suprenant and other plant management personnel allowed Plaintiff to continue to supervise Haynes during the weekend, from April 22 to 23, 2017.

41.     Neither Suprenant nor any other Gestamp management personnel had yet approached the Plaintiff to reprimand her over the sexual harassment complaint.

42.     Neither Suprenant nor any other Gestamp management personnel had yet approached the Plaintiff to inform her of the complaint. Plaintiff was not placed on leave or prevented from coming into contact with the alleged victim.

43.     Neither Suprenant nor any other Gestamp management personnel had yet approached the Plaintiff to reassign her to another area where she would not be overseeing the subject of her alleged harassment.  If fact no changes were made at all. And Plaintiff was forced to cover an undesirable, and lengthy shift before she was fired.

44.     On April 24, 2017, Rhonda Holbert came to Plaintiff and informed her that Erica Haynes had filed a complaint of sexual harassment against Plaintiff.

45.   Plaintiff confronted Suprenant on April 24, 2017, about the sexual harassment complaint against her, and together they had a discussion about it in Scott Hughes' office.

46.   In response to Plaintiff's attempts to address the sexual harassment complaint, Suprenant disdainfully dismissed the Plaintiff, saying "Why would I discuss this with you?" Plaintiff then was approached by Suprenant in his office directly and alone - the conversation was moved to Scott Hughes office, after Suprenant said, "let's take this to HR." Once the parties were in "HR" others joined.

47.   In attendance for this discussion was Kenneth Suprenant, Rusty Mossberger, Scott Hughes, the Plaintiff, and, at the Plaintiff's insistence over the repeated objections of the men (Scott Hughes did not want Kristina Dodd involved) in attendance, Kristina Dodd.

48.   Plaintiff did not deny making the comments to Haynes, but gave them context and asked if they were investigating Haynes for her comments about Plaintiff's body.

49.   On April 25, 2017, Plaintiff was terminated, allegedly for her "sexual harassment" of Erica Haynes.

50.   Scott Hughes claimed in Plaintiff's unemployment hearing that the investigation into Plaintiff was concluded within one day.

51.   Hughes acknowledged that it is highly irregular for a sexual harassment investigation to be resolved within one day, and that he could not recall any other time at

Gestamp's South Charleston facility when such a complaint had been resolved within one day.

52.     Plaintiff had previously filed a complaint of sexual harassment against Barry Holstein. Holstein aggressively pursued Hall to engage in a sexual relationship.

53.     Holstein asked Plaintiff out for drinks and dinner, over which he said they could discuss her future opportunities at the plant.

54.     Plaintiff declined this invitation.

55.     Thereafter, Holstein made Plaintiff's time at work unpleasant however he could in retaliation for her rejection of his advances.

56.     Plaintiff complained about this treatment to Nancy Paxton, the HR Department Manager at that time.

57.     Paxton relayed all that Plaintiff had told her to Holstein, causing Holstein to confront Plaintiff about her complaints.

58.     Holstein told the Plaintiff she was not to take her complaints to HR or any higher-ups, and that she must speak to him regarding any further complaints.

59.     After this confrontation, Plaintiff perceived that her initial complaint to Paxton had failed; she then approached Paxton again to ask for aid with Holstein's mistreatment.

60.     Paxton again failed to take action to prevent Plaintiff's harassment by Holstein, causing Plaintiff to take her complaints higher to Paul Lezanic, the plant manager at that time.

61.    Lezanic responded to Plaintiff's complaints by saying he worried about her mental health, and that maybe this job wasn't for her.

62.    Plaintiff tried one more time to convince Lezanic to take action to remove her from under Barry Holstein's supervision, and once more Lezanic refused to address the situation.

63.    Plaintiff then tried to reach Gestamp's corporate HR for help with her harassment by Holstein, and they told her to meet with her plant manager to address her issues.

64.    By this time a new plant manager was in charge, Walter Thomas, so Plaintiff met with him and complained of her mistreatment by Holstein due to rejecting Holstein's advances. Thomas told her to write a formal complaint so that HR could do an investigation.

65.    Plaintiff wrote a formal complaint against Holstein, as directed by the plant manager, and submitted it to HR at Gestamp's South Charleston facility. (This complaint was sent directly by email to Scott Hughes and Walter Thomas).

66.    Gestamp's HR department took no action on the complaint, saying that the allegations could not be substantiated. (Again, Scott Hughes)

67.    Holstein's mistreatment of Plaintiff continued, exacerbating her PTSD anxiety, until he resigned to take another position at a different company.

68.    Upon her termination on April 25, Plaintiff was walked out of the plant by Kenneth Suprenant.

69. Erica Haynes was heard telling other employees "you're welcome," as Plaintiff was being led out of the plant. (Haynes was doing this while Plaintiff was being walked out and after her termination – obviously damaging, embarrassing and insulting to plaintiff who was being retaliated against.)

70. Haynes was promptly promoted to work in launch coordination at Gestamp's South Charleston facility after Plaintiff's termination. She was to work with Aaron Lambert.

71. Plaintiff was illegally targeted for termination due to her medical leave and issues with PTSD anxiety and her gender, female.

72. Termination due to Plaintiff's disability and/or gender is a violation of the West Virginia Human Rights Act.

73. Defendant Gestamp is a limited liability company authorized to do business in the State of West Virginia with its principal place of business in Troy, Michigan.

74. Defendants Suprenant and/or Hughes are and at all times relevant hereto have been a residents of the State of West Virginia. Defendant Suprenant and/or Hughes conspired, aided, and abetted Defendant Gestamp in discrimination against Plaintiff based upon disability and gender.

75. Plaintiff reserves right to amend to allege claims for violations of public policy, namely relation for plaintiff's complaints, her taking leave to address medical concerns, complaints of sexual harassment, and violations of the Equal Pay Act.

WHEREFORE, Plaintiff demands against Defendants damages for lost wages, the value of lost benefits, damages for mental and emotional distress, punitive damages,

costs and attorney's fees, injunctive relief including but not limited to reinstatement, and such other and further relief as may upon the premises be appropriate.

**Jury Trial Demanded.**

AMBER D. HALL,
Plaintiff by Counsel,

Respectfully submitted,

D. Adrian Hoosier, II (W. Va. Bar #10013)
Erica Lord (W. Va. Bar #9109)
Lord Hoosier PLLC
225 Hale Street
Charleston, West Virginia 25301
Phone: (304) 345-8030
Fax: (304) 553-7227
E-Mail:      erica@lordhoosier.com
             adrian@lordhoosier.com

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**AMBER D. HALL,**

      **Plaintiff,**

**v.**

                                         Civil Action: *18-C-526*
                                         Judge: *Kaufman*

**GESTAMP WEST VIRGINIA, LLC**
**BARRY HOLSTEIN**
**KENNETH SUPRENANT**
**& SCOTT HUGHES,**

      **Defendants.**

## SUMMONS

**TO:  KENNETH SUPRENANT**
       42 Bridlewood Rd.
       Charleston, WV 25314

      IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Adrian Hoosier, II, Plaintiff's attorney, whose address is Lord Hoosier, PLLC, 225 Hale Street, Charleston, WV 25301**, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _4|18|18_

                                   Cathy S. Gatson, Clerk

                                   Circuit Clerk      *By CHugh*

| PLAINTIFF: AMBER D. HALL<br>DEFENDANTS: **GESTAMP WEST VIRGINIA, LLC,**<br>**BARRY HOLSTEAIN, KENNETH SURPRENANT AND**<br>**SCOTT HUGHES** | CASE NUMBER: **18-C- 526** |
|---|---|

### III. TYPE OF CASE:

| TORTS | OTHER CIVIL | |
|---|---|---|
| ☐Asbestos | ☐Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☒ Other - Employment |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | |

### III. JURY DEMAND: ☐Yes ☒ No

**CASE WILL BE READY FOR TRIAL BY** *(MONTH/YEAR)*: __06 / 2020__

### IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE? ☐ YES ☒ NO IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other: _____

*Attorney Name:* Raj A. Shah, Esquire (#11269)
*Firm:* Hendrickson & Long, PLLC
*Address:* P.O. Box 11070, Charleston, WV, 25339
*Telephone*: (304) 346-5500

*Representing:* ☐ *Plaintiff*
☒ *Defendant*
☐ *Cross-Complainant* ☐ *Cross-Defendant*

*Dated*: __May 30, 2018__

Raj A. Shah, Esquire (#2238)

☐ *Pro Se*

# IN THE CIRCUIT COURT
## OF KANAWHA COUNTY, WEST VIRGINIA

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA,** | ) | **Civil Action No. 18-C-526** |
| **LLC, BARRY HOLSTEIN,** | ) | |
| **KENNETH SUPRENANT, and** | ) | **Honorable Tod J. Kaufman** |
| **SCOTT HUGHES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT GESTAMP WEST VIRGINIA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant Gestamp West Virginia, LLC ("Defendant Gestamp" or "Gestamp"), by and through undersigned counsel, for and in answer to Plaintiff's Complaint, and says as follows:

## ANSWER TO COMPLAINT'S PARAGRAPHS

1.    In response to paragraph 1 of the Complaint, Gestamp admits the allegations of the paragraph.

2.    In response to paragraph 2 of the Complaint, Gestamp admits that Plaintiff left work in an ambulance on or about December 3, 2016, and is without information sufficient to admit or deny whether Plaintiff had an anxiety attack, and therefore denies the paragraph's remaining allegations.

3.     In response to paragraph 3 of the Complaint, Gestamp admits that Plaintiff was approved for FMLA leave from December 3 – 19, 2016, and is without information sufficient to admit or deny whether Plaintiff was getting treatment for acute anxiety stemming from PTSD, and therefore denies the paragraph's remaining allegations.

4.     In response to paragraph 4 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

5.     In response to paragraph 5 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

6.     In response to paragraph 6 of the Complaint, Gestamp admits that Plaintiff was approved for FMLA leave from January 17 – March 20, 2017, and is without information sufficient to admit or deny the paragraph's remaining allegations, and therefore denies the allegations of the paragraph.

7.     In response to paragraph 7 of the Complaint, the paragraph is so vague that Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

8.     In response to paragraph 8 of the Complaint, Gestamp denies the allegations of the paragraph.

9.     In response to paragraph 9 of the Complaint, Gestamp admits that Scott Hughes told Plaintiff that she might qualify for short-term disability. Except as expressly admitted herein, Gestamp denies the allegations of the paragraph.

10.     In response to paragraph 10 of the Complaint, Gestamp admits that Plaintiff went on short-term disability on or about January 17, 2017, and denies the remaining allegations of the paragraph.

11.     In response to paragraph 11 of the Complaint, Gestamp denies the allegations of the paragraph.

12.     In response to paragraph 12 of the Complaint, Gestamp admits that it sent Plaintiff a certified letter explaining that her leave was set to expire. Except as expressly admitted herein, Gestamp denies the allegations of the paragraph.

13.     In response to paragraph 13 of the Complaint, Gestamp denies the allegations of the paragraph.

14.     In response to paragraph 14 of the Complaint, Gestamp denies the allegations of the paragraph.

15.     In response to paragraph 15 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

16. In response to paragraph 16 of the Complaint, Gestamp admits that Plaintiff did not receive short-term disability payments once she returned to work, and denies the remaining allegations of the paragraph.

17. In response to paragraph 17 of the Complaint, Gestamp admits that Team Leader Aaron Lambert filled in as acting supervisor at times during Plaintiff's absence, and denies the remaining allegations of the paragraph.

18. In response to paragraph 18 of the Complaint, Gestamp denies the allegations of the paragraph.

19. In response to paragraph 19 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

20. In response to paragraph 20 of the Complaint, Gestamp admits that Aaron Lambert used Plaintiff's desk at times when she was absent and he was filling in for her, and denies the remaining allegations of the paragraph.

21. In response to paragraph 21 of the Complaint, Gestamp denies the allegations of the paragraph.

22. In response to paragraph 22 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore, denies the allegations of the paragraph.

23.    In response to paragraph 23 of the Complaint, Gestamp denies the allegations of the vague and ambiguous paragraph.

24.    In response to paragraph 24 of the Complaint, Gestamp denies the allegations of the paragraph.

25.    In response to paragraph 25 of the Complaint, Gestamp denies the allegations of the paragraph.

26.    In response to paragraph 26 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

27.    In response to paragraph 27 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

28.    In response to paragraph 28 of the Complaint, Gestamp denies the allegations of the paragraph.

29.    In response to paragraph 29 of the Complaint, Gestamp denies the allegations of the paragraph.

30.    In response to paragraph 30 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

31.     In response to paragraph 31 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph as to Plaintiff's perceptions, and therefore denies the allegations of the paragraph.

32.     In response to paragraph 32 of the Complaint, Gestamp denies the allegations of the paragraph.

33.     In response to paragraph 33 of the Complaint, Gestamp denies the 3/28/2017 request for absence occurred after Plaintiff's sexually harassing comments, and denies the allegations of the paragraph.

34.     In response to paragraph 34 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

35.     In response to paragraph 35 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

36.     In response to paragraph 36 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

37.     In response to paragraph 37 of the Complaint, Gestamp admits that Haynes filed a complaint of sexual harassment by Plaintiff on April 21, 2017, and denies the paragraph's remaining allegations.

38. In response to paragraph 38 of the Complaint, Gestamp denies the allegations of the paragraph.

39. In response to paragraph 39 of the Complaint, Gestamp denies the allegations of the vague and ambiguous paragraph.

40. In response to paragraph 40 of the Complaint, Gestamp denies the allegations of the vague and ambiguous paragraph.

41. In response to paragraph 41 of the Complaint, Gestamp admits that its investigation into Haynes's complaint had not been completed by April 23, 2017, and denies the remaining allegations of the paragraph.

42. In response to paragraph 42 of the Complaint, Gestamp admits that it did not inform Plaintiff of the complaint until April 24, 2017, and denies the remaining allegations of the paragraph.

43. In response to paragraph 43 of the Complaint, Gestamp admits that neither Suprenant nor any other Gestamp WV manager reassigned Plaintiff, and denies the paragraph's remaining allegations.

44. In response to paragraph 44 of the Complaint, Gestamp is without information sufficient to admit or deny the allegations of the paragraph, and therefore, denies the allegations of the paragraph.

45.     In response to paragraph 45 of the Complaint, Gestamp admits that Suprenant, Hughes and Plaintiff discussed the complaint filed against Plaintiff on April 24, 2017, and denies the paragraph's remaining allegations.

46.     In response to paragraph 46 of the Complaint, to the extent the allegations can be understood, Gestamp admits that Suprenant, Hughes, and Plaintiff discussed the complaint in Hughes's office, and denies the remaining allegations of the paragraph.

47.     In response to paragraph 47 of the Complaint, to the extent the allegations can be understood, Defendants admit that Hughes, Suprenant, Mossberger, Plaintiff, and Dodd were present for some or all of the conversation with Plaintiff regarding the allegations contained in Haynes' complaint, and denies the remaining allegations of the paragraph.

48.     In response to paragraph 48 of the Complaint, Gestamp admits that Plaintiff did not deny the allegations of the complaint, and denies the paragraph's remaining allegations.

49.     In response to paragraph 49 of the Complaint, Gestamp admits that Plaintiff was terminated on April 25, 2017 for violating its harassment policy, and denies the paragraph's remaining allegations.

50.     In response to paragraph 50 of the Complaint, Gestamp denies the allegations of the paragraph.

51.     In response to paragraph 51 of the Complaint, Gestamp denies the allegations of the paragraph.

52.     In response to paragraph 52 of the Complaint, Gestamp denies the allegations of the paragraph.

53.     In response to paragraph 53 of the Complaint, Gestamp denies the allegations of the paragraph.

54.     In response to paragraph 54 of the Complaint, Gestamp denies the allegations of the paragraph.

55.     In response to paragraph 55 of the Complaint, Gestamp denies the allegations of the paragraph.

56.     In response to paragraph 56 of the Complaint, Gestamp denies the allegations of the paragraph.

57.     In response to paragraph 57 of the Complaint, Gestamp denies the allegations of the paragraph.

58.     In response to paragraph 58 of the Complaint, Gestamp denies the allegations of the paragraph.

59.     In response to paragraph 59 of the Complaint, Gestamp denies the allegations of the paragraph.

60.     In response to paragraph 60 of the Complaint, Gestamp denies the allegations of the paragraph.

61.     In response to paragraph 61 of the Complaint, Gestamp denies the allegations of the paragraph.

62.     In response to paragraph 62 of the Complaint, Gestamp denies the allegations of the paragraph.

63.     In response to paragraph 63 of the Complaint, Gestamp denies the allegations of the paragraph.

64.     In response to paragraph 64 of the Complaint, Gestamp denies the allegations of the paragraph.

65.     In response to paragraph 65 of the Complaint, Gestamp admits that Plaintiff made a complaint to Walter Thomas and Scott Hughes about Holstein by email, denies the complaint contained any reference to mistreatment based on sex, and denies the remaining allegations of the paragraph.

66.     In response to paragraph 66 of the Complaint, Gestamp denies the allegations of the paragraph.

67.     In response to paragraph 67 of the Complaint, Gestamp denies the allegations of the paragraph.

68.     In response to paragraph 68 of the Complaint, Gestamp admits that Suprenant escorted Plaintiff from the plant following her termination, and denies the remaining allegations of the paragraph.

69. In response to paragraph 69 of the Complaint, Gestamp denies the allegations of the paragraph.

70. In response to paragraph 70 of the Complaint, Gestamp denies the allegations of the paragraph.

71. In response to paragraph 71 of the Complaint, Gestamp denies the allegations of the paragraph.

72. In response to paragraph 72 of the Complaint, in so much as the paragraph contains only legal conclusions for which no response is required, Gestamp denies the allegations of the paragraph.

73. In response to paragraph 73 of the Complaint, Gestamp admits the allegations of the paragraph.

74. In response to paragraph 74 of the Complaint, Defendants admit that Scott Hughes is a West Virginia resident and denies the paragraph's remaining allegations.

75. In response to paragraph 75 of the Complaint, Gestamp denies the allegations of the paragraph.

Answering the Prayer for Relief following paragraph 75, Gestamp denies the allegations of the Prayer for Relief and denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendants for which relief can be granted insofar as:

1.    There are no counts setting forth violations of any law allegedly applicable; and

2.    Plaintiff's complaint otherwise fails to state a claim.

## SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims may be barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy administrative pre-requisites, jurisdictional or otherwise, to maintaining some or all the claims alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims may be barred by the doctrines of res judicata, estoppel, collateral estoppel, judicial estoppel, and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

Defendants state that all personnel actions with respect to plaintiff were taken for legitimate, non-discriminatory, non-pretextual reasons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's conduct protected by law was not the "but for cause" in any of the personnel actions taken with respect to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Even should the finder of fact determine that Plaintiff's alleged protected status played any part in the termination of Plaintiff's employment, Defendants pleading the mixed motive defense, aver that such actions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not, and has not been at any time relevant to this action, a qualified individual with a disability.

## NINTH AFFIRMATIVE DEFENSE

Gestamp did not regard Plaintiff as an individual with a physical or mental impairment substantially limiting a major life activity.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to seek a reasonable accommodation or, in the alternative, was not entitled to any accommodation sought.

## ELEVENTH AFFIRMATIVE DEFENSE

Even if an accommodation was sought, Plaintiff cannot recover damages for failure to accommodate, because Gestamp made good faith accommodation efforts

and/or any accommodation would have imposed undue hardship on Gestamp.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith with regard to any and all employment and pay decisions regarding Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

After-acquired evidence that would have provided a lawful reason for the challenged action if known at the time of decision-making forecloses reinstatement and injunctive relief and confines backpay and other monetary relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Complaint and/or the relief sought are foreclosed because plaintiff is guilty of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable because they acted in good faith and in conformity with the applicable law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims may be barred by the doctrines of release and accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her claimed damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that any claims are made under statutes with caps on relief, those caps are asserted.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants expressly deny all allegations not specifically admitted herein.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff cannot prove that any conduct at issue was intentional or reckless, that the conduct was extreme and outrageous, or that the conduct caused emotional distress so severe that no reasonable person could be expected to endure it.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is foreclosed from recovering punitive damages because upper management had no actual knowledge of any unlawful conduct, and Plaintiff failed to report such conduct under the mechanism provided by Defendant Gestamp.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant Gestamp maintained an effective policy prohibiting discrimination in employment, and Plaintiff unreasonably failed to take advantage of the policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because none of the actions taken by the Defendants relative to Plaintiff were taken maliciously, intentionally,

in bad faith or with callous or reckless disregard for Plaintiff's protected rights, and Plaintiff cannot satisfy the appropriate burden to prove these.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

At all relevant times, Plaintiff was an employee-at-will of Defendant Gestamp.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff engaged in no protected activity, or, alternatively, would have been treated no differently even had she not engaged in the protected activity alleged.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

There is no causal connection between the alleged protected activity and the alleged adverse action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the damages alleged are too speculative to allow recovery.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants expressly deny all allegations not specifically admitted herein.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses as they become known or available.

**AND NOW** having responded to the Complaint against it and incorporating all defenses asserted herein, Defendants demand that the Complaint against them be dismissed with prejudice, and with all costs assessed against the Plaintiff.

Raj A. Shah (WV State Bar # 11269)

ATTORNEY FOR DEFENDANTS
GESTAMP WEST VIRGINIA, LLC AND
SCOTT HUGHES

**OF COUNSEL**:
HENDRICKSON & LONG, PLLC
214 Capitol Street
Charleston, West Virginia
Telephone: (304) 346-5500
Facsimile: (304) 346-5515
Email: rshah@handl.com

Reid Manley (WV State Bar #9598)
ATTORNEYS FOR DEFENDANTS
GESTAMP WEST VIRGINIA, LLC AND
SCOTT HUGHES

**OF COUNSEL**:
BURR & FORMAN LLP
420 Twentieth Street North
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: rmanley@burr.com

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA,** | ) | **Civil Action No. 18-C-526** |
| **LLC, BARRY HOLSTEIN,** | ) | |
| **KENNETH SUPRENANT, and** | ) | **Honorable Tod J. Kaufman** |
| **SCOTT HUGHES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 30th day of May, 2018:

D. Adrian Hoosier, II
Erica Lord
Lora Hoosier PLLC
225 Hale Street
Charleston, West Virginia 25301

Raj A. Shah (WV Bar No. 11269)
Hendrickson & Long, PLLC
214 Capitol Street
Charleston, WV 25301
(304)-346-5500
Email: rshah@handl.com

| PLAINTIFF: AMBER D. HALL<br>DEFENDANTS: **GESTAMP WEST VIRGINIA, LLC,**<br>**BARRY HOLSTEAIN, KENNETH SURPRENANT AND**<br>**SCOTT HUGHES** | CASE NUMBER: **18-C- 526** |
|---|---|

**III. TYPE OF CASE:**

| TORTS | OTHER CIVIL | |
|---|---|---|
| ☐Asbestos | ☐Adoption | ☐ Appeal from Magistrate Court |
| ☐ Professional Malpractice | ☐ Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☐ Personal Injury | ☐ Real Property | ☐ Miscellaneous Civil |
| ☐ Product Liability | ☐ Mental Health | ☒ Other - Employment |
| ☐ Other Tort | ☐ Appeal of Administrative Agency | |

**III. JURY DEMAND:** ☐Yes ☒ No

**CASE WILL BE READY FOR TRIAL BY** *(MONTH/YEAR)*: **06 / 2020**

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?** ☐ YES ☒ NO
**IF YES, PLEASE SPECIFY:**

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other: _____

*Attorney Name:* Raj A. Shah, Esquire (#11269)
*Firm*: Hendrickson & Long, PLLC
*Address*: P.O. Box 11070, Charleston, WV, 25339
*Telephone*: (304) 346-5500

*Representing:* ☐ *Plaintiff*
☒ *Defendant*
☐ *Cross-Complainant* ☐ *Cross-Defendant*

*Dated*: June 1, 2018

(Fon RAS) (#5312)
Raj A. Shah, Esquire (#2238)

☐ *Pro Se*

# IN THE CIRCUIT COURT
## OF KANAWHA COUNTY, WEST VIRGINIA

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA,** | ) | **Civil Action No. 18-C-526** |
| **LLC, BARRY HOLSTEIN,** | ) | |
| **KENNETH SUPRENANT, and** | ) | **Honorable Tod J. Kaufman** |
| **SCOTT HUGHES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT KENNETH SUPRENANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant Kenneth Suprenant, an individual, ("Defendant Suprenant" or "Suprenant"), by and through undersigned counsel, for and in answer to Plaintiff's Complaint, and says as follows:

## ANSWER TO COMPLAINT'S PARAGRAPHS

1.    In response to paragraph 1 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, admits that Plaintiff was employed for Gestamp West Virginia for a time, and denies the remaining allegations of the paragraph.

2. In response to paragraph 2 of the Complaint, Suprenant is without information sufficient to admit or deny whether Plaintiff had an anxiety attack on December 3, 2016, and therefore denies the paragraph's remaining allegations.

3. In response to paragraph 3 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

4. In response to paragraph 4 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

5. In response to paragraph 5 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

6. In response to paragraph 6 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

7. In response to paragraph 7 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

8.      In response to paragraph 8 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

9.      In response to paragraph 9 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

10.     In response to paragraph 10 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

11.     In response to paragraph 11 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

12.     In response to paragraph 12 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

13.     In response to paragraph 13 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

14.    In response to paragraph 14 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

15.    In response to paragraph 15 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

16.    In response to paragraph 16 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the paragraph's allegations.

17.    In response to paragraph 17 of the Complaint, Suprenant admits that Team Leader Aaron Lambert filled in as acting supervisor at times during Plaintiff's absence, and denies the remaining allegations of the paragraph.

18.    In response to paragraph 18 of the Complaint, Suprenant denies the allegations of the paragraph.

19.    In response to paragraph 19 of the Complaint, Suprenant admits the allegations of the paragraph.

20.    In response to paragraph 20 of the Complaint, Suprenant admits that Aaron Lambert used Plaintiff's desk at times when she was absent and Lambert was filling in for her, and denies the remaining allegations of the paragraph.

21.     In response to paragraph 21 of the Complaint, Suprenant denies the allegations of the paragraph.

22.     In response to paragraph 22 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore, denies the allegations of the paragraph.

23.     In response to paragraph 23 of the Complaint, Suprenant denies the allegations of the vague and ambiguous paragraph.

24.     In response to paragraph 24 of the Complaint, Suprenant denies the allegations of the paragraph.

25.     In response to paragraph 25 of the Complaint, Suprenant denies the allegations of the paragraph.

26.     In response to paragraph 26 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

27.     In response to paragraph 27 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

28.     In response to paragraph 28 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

29.     In response to paragraph 29 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

30.     In response to paragraph 30 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

31.     In response to paragraph 31 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph as to Plaintiff's perceptions, and therefore denies the allegations of the paragraph.

32.     In response to paragraph 32 of the Complaint, Suprenant denies the allegations of the paragraph.

33.     In response to paragraph 33 of the Complaint, Suprenant denies the allegations of the paragraph.

34.     In response to paragraph 34 of the Complaint, Suprenant denies the allegations of the paragraph.

35.     In response to paragraph 35 of the Complaint, Suprenant denies the allegations of the paragraph.

36.     In response to paragraph 36 of the Complaint, Suprenant denies the allegations of the paragraph.

37. In response to paragraph 37 of the Complaint, Suprenant admits that Haynes filed a complaint of sexual harassment by Plaintiff on or around April 21, 2017, and denies the paragraph's remaining allegations.

38. In response to paragraph 38 of the Complaint, Suprenant denies the allegations of the paragraph.

39. In response to paragraph 39 of the Complaint, Suprenant denies the allegations of the vague and ambiguous paragraph.

40. In response to paragraph 40 of the Complaint, Suprenant denies the allegations of the vague and ambiguous paragraph.

41. In response to paragraph 41 of the Complaint, Suprenant admits that Gestamp's investigation into Haynes's complaint had not been completed by April 23, 2017, and denies the remaining allegations of the paragraph.

42. In response to paragraph 42 of the Complaint, Suprenant admits that he did not inform Plaintiff of the complaint until on or around April 24, 2017, and denies the remaining allegations of the paragraph.

43. In response to paragraph 43 of the Complaint, Suprenant admits that neither he nor any other Gestamp WV manager reassigned Plaintiff, and denies the paragraph's remaining allegations.

44. In response to paragraph 44 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore, denies the allegations of the paragraph.

45. In response to paragraph 45 of the Complaint, Suprenant admits that he, Hughes and Plaintiff discussed the complaint filed against Plaintiff on or around April 24, 2017, and denies the paragraph's remaining allegations.

46. In response to paragraph 46 of the Complaint, to the extent the allegations can be understood, Suprenant admits that he, Hughes, and Plaintiff discussed the complaint in Hughes's office, and denies the remaining allegations of the paragraph.

47. In response to paragraph 47 of the Complaint, to the extent the allegations can be understood, Defendants admit that Hughes, Suprenant, Mossberger, Plaintiff, and Dodd were present for some or all of the conversation with Plaintiff regarding the allegations contained in Haynes' complaint, and denies the remaining allegations of the paragraph.

48. In response to paragraph 48 of the Complaint, Suprenant admits that Plaintiff did not deny the allegations of the complaint, and denies the paragraph's remaining allegations.

49. In response to paragraph 49 of the Complaint, Suprenant admits that Plaintiff was terminated on or around April 25, 2017 for violating its harassment policy, and denies the paragraph's remaining allegations.

50. In response to paragraph 50 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

51. In response to paragraph 51 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

52. In response to paragraph 52 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

53. In response to paragraph 53 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

54. In response to paragraph 54 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

55.     In response to paragraph 55 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

56.     In response to paragraph 56 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

57.     In response to paragraph 57 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

58.     In response to paragraph 58 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

59.     In response to paragraph 59 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

60.     In response to paragraph 60 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

61.     In response to paragraph 61 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

62.     In response to paragraph 62 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

63.     In response to paragraph 63 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

64.     In response to paragraph 64 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

65.     In response to paragraph 65 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

66.     In response to paragraph 66 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

67. In response to paragraph 67 of the Complaint, Suprenant is without information sufficient to admit or deny the allegations of the paragraph, and therefore denies the allegations of the paragraph.

68. In response to paragraph 68 of the Complaint, Suprenant admits that he escorted Plaintiff from the plant following her termination, and denies the remaining allegations of the paragraph.

69. In response to paragraph 69 of the Complaint, Suprenant denies the allegations of the paragraph.

70. In response to paragraph 70 of the Complaint, Suprenant denies the allegations of the paragraph.

71. In response to paragraph 71 of the Complaint, Suprenant denies the allegations of the paragraph.

72. In response to paragraph 72 of the Complaint, in so much as the paragraph contains only legal conclusions for which no response is required, Suprenant denies the allegations of the paragraph.

73. In response to paragraph 73 of the Complaint, Suprenant admits the allegations of the paragraph.

74. In response to paragraph 74 of the Complaint, Suprenant admits that Scott Hughes is a West Virginia resident and denies the paragraph's remaining allegations.

75. In response to paragraph 75 of the Complaint, Suprenant denies the allegations of the paragraph.

Answering the Prayer for Relief following paragraph 75, Suprenant denies the allegations of the Prayer for Relief and denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendant for which relief can be granted insofar as:

1. There are no counts setting forth violations of any law allegedly applicable; and

2. Plaintiff's Complaint otherwise fails to state a claim.

### SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims may be barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy administrative pre-requisites, jurisdictional or otherwise, to maintaining some or all the claims alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims may be barred by the doctrines of res

judicata, estoppel, collateral estoppel, judicial estoppel, and/or waiver.

## FIFTH AFFIRMATIVE DEFENSE

Defendant states that all personnel actions with respect to plaintiff were taken for legitimate, non-discriminatory, non-pretextual reasons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's conduct and status protected by law was not the "but for cause" in any of the personnel actions taken with respect to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not, and has not been at any time relevant to this action, a qualified individual with a disability.

## EIGHTH AFFIRMATIVE DEFENSE

Suprenant did not regard Plaintiff as an individual with a physical or mental impairment substantially limiting a major life activity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to seek a reasonable accommodation or, in the alternative, was not entitled to any accommodation sought.

## TENTH AFFIRMATIVE DEFENSE

Even if an accommodation was sought, Plaintiff cannot recover damages for failure to accommodate, because Gestamp made good faith accommodation efforts and/or any accommodation would have imposed undue hardship on Gestamp.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Suprenant acted in good faith with regard to any and all decisions regarding Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant Suprenant did not "employ" Plaintiff and he is not otherwise a proper Defendant under the West Virginia Human Rights Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

After-acquired evidence that would have provided a lawful reason for the challenged action if known at the time of decision-making forecloses reinstatement and injunctive relief and confines backpay and other monetary relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims alleged in the Complaint and/or the relief sought are foreclosed because plaintiff is guilty of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Suprenant, an individual, is not liable because he acted in good faith and in conformity with the applicable law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims may be barred by the doctrines of release and accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her claimed damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that any claims are made under statutes with caps on relief, those caps are asserted.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove that any conduct at issue was intentional or reckless, that the conduct was extreme and outrageous, or that the conduct caused emotional distress so severe that no reasonable person could be expected to endure it.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is foreclosed from recovering punitive damages because upper management had no actual knowledge of any unlawful conduct, and Plaintiff failed to report such conduct under the mechanism provided by Defendant Gestamp.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant Gestamp maintained an effective policy prohibiting discrimination in employment, and Plaintiff unreasonably failed to take advantage of the policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because none of the actions taken by the Defendants relative to Plaintiff were taken maliciously, intentionally,

in bad faith or with callous or reckless disregard for Plaintiff's protected rights, and Plaintiff cannot satisfy the appropriate burden to prove these.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

At all relevant times, Plaintiff was an employee-at-will of Defendant Gestamp West Virginia, LLC.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff engaged in no protected activity, or, alternatively, would have been treated no differently even had she not engaged in the protected activity alleged.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

There is no causal connection between the alleged protected activity and the alleged adverse action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the damages alleged are too speculative to allow recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Suprenant did not make the decision to terminate Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant is not guilty of unlawful discrimination or retaliation against plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant expressly denies all allegations not specifically admitted herein.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they become known or available.

**AND NOW** having responded to the Complaint against him and incorporating all defenses asserted herein, Defendant Suprenant demands that the Complaint against him be dismissed with prejudice, and with all costs assessed against the Plaintiff.

_(For RAS) (#5312)_

Raj A. Shah (WV State Bar # 11269)

ATTORNEY FOR DEFENDANTS
GESTAMP WEST VIRGINIA, LLC AND
SCOTT HUGHES

**OF COUNSEL**:
HENDRICKSON & LONG, PLLC
214 Capitol Street
Charleston, West Virginia
Telephone: (304) 346-5500
Facsimile: (304) 346-5515
Email: rshah@handl.com

_(#5312)_

Reid Manley (WV State Bar #9598)
ATTORNEYS FOR DEFENDANTS
GESTAMP WEST VIRGINIA, LLC AND
SCOTT HUGHES

**OF COUNSEL**:
BURR & FORMAN LLP
420 Twentieth Street North
Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: rmanley@burr.com

# IN THE CIRCUIT COURT
## OF KANAWHA COUNTY, WEST VIRGINIA

AMBER D. HALL, )
                      )

    Plaintiff, )
                      )

v. )
                      )

GESTAMP WEST VIRGINIA, )   **Civil Action No. 18-C-526**
LLC, BARRY HOLSTEIN, )
KENNETH SUPRENANT, and )   **Honorable Tod J. Kaufman**
SCOTT HUGHES, )
                      )

    Defendants. )

## CERTIFICATE OF SERVICE

    I hereby certify a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 1st day of June, 2018:

D. Adrian Hoosier, II
Erica Lord
Lora Hoosier PLLC
225 Hale Street
Charleston, West Virginia 25301

Raj A. Shah (WV Bar No. 11269)
Hendrickson & Long, PLLC
214 Capitol Street
Charleston, WV 25301
(304)-346-5500
Email: rshah@handl.com

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

AMBER D. HALL,

        Plaintiff,

v.
                                    Civil Action: 18-C-526
                                    Judge: Tod J. Kaufman

GESTAMP WEST VIRGINIA, LLC
BARRY HOLSTEIN
KENNETH SUPRENANT
& SCOTT HUGHES,

        Defendants.

## CERTIFICATE OF SERVICE

Counsel for Plaintiff, Amber Hall, certifies the foregoing *"Plaintiff Amber Hall's First Set of Interrogatories and Requests for Production of Documents to Defendants,"* by sending a true exact copy this 14th day of June 2018, by United States mail, postage prepaid, to the following:

Raj A. Shah, Esq. (WVSB # 11269)
Hendrickson & Long, PLLC
P.O. Box 11070
Charleston, WV 25339
(304) 346-5500

D. Adrian Hoosier, II (WVSB # 10013)

# IN THE CIRCUIT COURT
## OF KANAWHA COUNTY, WEST VIRGINIA

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA, LLC,** | ) | **Civil Action No. 18-C-526** |
| **BARRY HOLSTEIN, KENNETH** | ) | |
| **SUPRENANT, and SCOTT HUGHES,** | ) | **Honorable Tod J. Kaufman** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing Defendant Gestamp West Virginia, LLC's First Interrogatories, Requests for Production of Documents and Requests for Admissions to Plaintiff Amber Hall has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 22nd day of June, 2018:

D. Adrian Hoosier, II
Erica Lord
Lord Hoosier PLLC
225 Hale Street
Charleston, West Virginia 25301
GESTA.000005

Raj A. Shah (WV Bar No. 11269)
Hendrickson & Long, PLLC
214 Capitol Street
Charleston, WV 25301
(304)-346-5500
Email: rshah@handl.com

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA,** | ) | **Civil Action: 18-C-526** |
| **LLC, BARRY HOLSTEIN,** | ) | **Judge: Tod J. Kaufman** |
| **KENNETH SUPRENANT &** | ) | |
| **SCOTT HUGHES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **DEFENDANT KENNETH SUPRENANT'S RESPONSE TO PLAINTIFF AMBER HALL'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** via electronic mail as well as by U.S. First Class Mail, hand delivery or fax on this the 16th day of July, 2018:

> D. Adrian Hoosier, II
> Lord Hoosier, PLLC
> 225 Hale Street
> Charleston, WV 25301

> /s/ _R.SL_
> Raj A. Shah (WVSB No. 11269)

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

| | | |
|---|---|---|
| AMBER D. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GESTAMP WEST VIRGINIA, | ) | Civil Action: 18-C-526 |
| LLC, BARRY HOLSTEIN, | ) | Judge: Tod J. Kaufman |
| KENNETH SUPRENANT & | ) | |
| SCOTT HUGHES, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **DEFENDANT GESTAMP WEST VIRGINIA, LLC'S RESPONSE TO PLAINTIFF AMBER HALL'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** via electronic mail as well as by U.S. First Class Mail, hand delivery or fax on this the 16th day of July, 2018:

> D. Adrian Hoosier, II
> Lord Hoosier, PLLC
> 225 Hale Street
> Charleston, WV 25301

/s/ _____
Raj A. Shah (WVSB No. 11269)



---

Raj A. Shah
(304) 346-5500
rshah@handl.com

August 31, 2018

Cathy S. Gatson, Clerk
Kanawha County Judicial Building
P.O. Box 2351
111 Court Street
Charleston, WV 25301
GESTA.000005

      **RE:**    **Amber D. Hall v. GESTAMP West Virginia, LLC, et al.**
              **Civil Action No. 18-C-526**

Dear Clerk Gatson:

    Enclosed for filing in the above referenced matter please find the original "Motion for Pro Hac Vice Admission of Ronald W. Flowers, Jr."

    Complete copies of these documents have this day been provided to counsel of record via First Class US Mail.

    Thank you for your time and assistance with this matter. If you have any questions or concerns, please feel free to contact me.

                Very truly yours,

                **HENDRICKSON & LONG, PLLC**

                *Raj A. Shah/clf*

                Raj A. Shah

RAS/cf
Enclosure
cc:    D. Adrian Hoosier, II
       Erica Lord
       Tod. J. Kaufman, Judge

# IN THE CIRCUIT COURT
## OF KANAWHA COUNTY, WEST VIRGINIA

AMBER D. HALL,                          )
                                        )
    Plaintiff,        )
                                        )
v.                                      )
                                        )      Civil Action No. 18-C-526
GESTAMP WEST VIRGINIA, LLC,             )
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT, and SCOTT HUGHES,            )      Honorable Tod J. Kaufman
                                        )
    Defendants.       )
                                        )

## MOTION FOR *PRO HAC VICE* ADMISSION OF RONALD W. FLOWERS, JR.

Pursuant to Rule 8.0(b) of the Rules of Admission to the Practice of Law in the State of Virginia, Raj A. Shah, as a member in good standing of the West Virginia State Bar, who agrees to and will be the responsible local attorney in this matter under Rule 8.0 of the Rules of Admission to the practice of Law in the State of West Virginia, hereby moves this Court to grant Ronald W. Flowers, Jr., an attorney who is not licensed and admitted to the practice of law in West Virginia, the privilege to appear before this Court, for the purpose of representing the Defendants in this proceeding.

The Verified Statement of Application of Ronald W. Flowers, Jr., for *Pro Hac Vice* Admission is attached hereto and submitted herewith in support of this Motion.

**WHEREFORE**, the undersigned respectfully moves that this court approve the admission *pro hac vice* of Ronald W. Flowers, Jr., representing Defendants in this matter.

                                           8-30-18

Raj A. Shah (WV State Bar No: 11269)
ATTORNEY FOR DEFENDANTS
GESTAMP WEST VIRGINIA, LLC, BARRY
HOLSTEIN, KENNETH SUPRENANT, AND
AND SCOTT HUGHES

**OF COUNSEL:**
Hendrickson & Long, PLLC
214 Capitol Street
Charleston, WV 25339
Telephone: (304) 720-5516
Facsimile: (304) 346-5515
rshah@handl.com

## IN THE CIRCUIT COURT
## OF KANAWHA COUNTY, WEST VIRGINIA

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA, LLC,** | ) | **Civil Action No. 18-C-526** |
| **BARRY HOLSTEIN, KENNETH** | ) | |
| **SUPRENANT, and SCOTT HUGHES,** | ) | **Honorable Tod J. Kaufman** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

STATE OF ALABAMA )

COUNTY OF JEFFERSON )

BEFORE ME, the undersigned authority, personally appeared Ronald W. Flowers, Jr.,

who, after being duly sworn by me, deposes and says:

1.    I am a member of good standing admitted to practice law in the following bars:

| Court | Date Admitted | Keeper of the Rolls |
|---|---|---|
| United States District Court for the Middle District of Alabama | September 2002 | Ms. Debra P. Hackett, Clerk of Court U.S. District Court P.O. Box 711 Montgomery, AL 36101-0711 (334) 954-3600 |
| United States District Court for the Northern District of Alabama | September 2002 | Sharon Harris, Clerk of Court U.S. District Court Huge L. Black U.S. Courthouse 1729 Fifth Avenue North Birmingham, AL 35203 |
| United States District Court for the Southern District of Alabama | September 2004 | Charles R. Diard, Jr., Clerk of Court U.S. District Court Southern District of Alabama 113 St. Joseph Street Mobile, AL 36602 (251) 690-2371 |

| Alabama State Courts | September 2002 | Julia Jordan Weller, Clerk<br>Supreme Court of Alabama<br>300 Dexter Avenue<br>Montgomery, AL 36104<br>(334) 229-0700 |
| --- | --- | --- |
| | | |

2.      That I make this affidavit in support of the Motion to Admit *Pro Hac Vice* for purposes of representing Defendants as co-counsel in all matters relating to this case.

3.      I am a partner with the law firm of Burr & Forman, LLP, 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203.

4.      There are no disciplinary proceedings in the above-referenced jurisdictions with respect to my capacity to practice law or with regard to my conduct as an attorney.

5.      It is respectfully submitted that there is good cause for my admission *pro hac vice* so that I may adequately assist in defending my clients' interest in the lawsuit it is involved in within the jurisdiction of West Virginia.

6.      I have not been admitted *pro hac vice* in any jurisdiction in the State of West Virginia within the preceding 24 months.

7.      Attached hereto as exhibit "A" is a list of members of my firm who have appeared before or been involved in any other matters before a West Virginia tribunal or judicial body in the preceding 24 months.

8.      I am familiar with and understand that I shall be governed by the local rules of this court, the rules of professional conduct, and all other requirements governing the professional behavior of members of the West Virginia State bar, as well as all laws, rules and regulations of West Virginia state and local governments. I agree to comply with all laws, rules and regulations of West Virginia state and local governments, where applicable, including taxing authorities and any standards for pro bono civil and criminal indigent defense legal services.

9. I will associate in this matter with West Virginia counsel of record Raj. A. Shah, West Virginia Bar ID No. 11269, of Hendrickson & Long, PLLC, 214 Capitol Street, Charleston WV 25339. Raj A. Shah agrees to participate in the matter evidenced by his endorsement upon the verified statement of application below.

10. I have submitted the three-hundred fifty-dollar ($350.00) payment for *pro hac vice* admitted to the West Virginia State Bar. A copy of the payment is attached as exhibit "B".

11. Accordingly, I hereby request that the Court permit me to appear and participate as counsel for Defendants.

FURTHER AFFIANT SAYETH NOT.

Ronald W. Flowers, Jr.
Alabama Bar No. asb-3635-a59f
Burr & Forman, LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone (205) 458-5152
Facsimile (205) 278-6948
rflowers@burr.com

Raj A. Shah (WV State Bar No.: 11269)

Co-Counsel for Defendants

STATE OF ALABAMA )

COUNTY OF JEFFERSON )

The foregoing instrument was subscribed and sworn to before me this 30th day of August, 2018, by Ronald W. Flowers, Jr., who is personally known and produced his drivers' license as identified, and who took an oath.

NOTARY PUBLIC
My Commission Expires: 11-6-2019

# Exhibit A

| Attorney | Case | Court |
|----------|------|-------|
| Reid Manley | Sharon Dillon v. Capital One | Circuit Court of Raleigh County 16-C-49-H |
| Reid Manley | Richard and Deborah Davis v. Capital One | Circuit Court of Cabell County 16-C-112 |
| Reid Manley | Thomas Horton v. Capital One | Circuit Court of Raleigh County 16-C-149-H |
| Reid Manley | Robert and Theresa Tyree v. Capital One | Circuit Court of Raleigh County 16-C-152-H |
| Reid Manley | Lawrence Hayes v. Capital One | Circuit Court of Preston County 16-C-56 |
| Reid Manley | Lynne Sandy v. Capital One | Circuit Court of Kanawha County 16-C-717 |
| Reid Manley | James Hamrick v. Capital One | Circuit Court of Raleigh County 16-C-415 |
| Reid Manley | Michael & Kristi Dial v. Capital One | Circuit Court of Raleigh County 16-C-467-B |
| Reid Manley | Barbara Ridenhour v. Capital One | Circuit Court of Fayette County 16-C-245 |
| Reid Manley | Jeffrey Armentrout v. Capital One | Circuit Court of Webster County 16-C-29 |
| Reid Manley | Ricky & Kimberly Hall v. Capital One | Circuit Court of Logan County 16-C-187-W |
| Reid Manley | Marcie Biggs v. Capital One | Circuit Court of Putnam County 16-C-214 |
| Reid Manley | Danny & Jodi Arthur v. Capital One | Circuit Court of Cabell County 16-C-586 |
| Reid Manley | Julie Osborne v. Capital One | Circuit Court of Greenbrier County 16-C-168 |
| Reid Manley | Ellen Eads v. Capital One | Circuit Court of Raleigh County 16-C-732-K |
| Reid Manley | Steven & Paula Dempsey v. Capital One | Circuit Court of Putnam County 16-C-300 |
| Reid Manley | John & Trina Walker v, Capital One | Circuit Court of Kanawha County 16-C-1865 |
| Reid Manley | George McSorley v, Capital One | Circuit Court of Wayne County 17-C-023 |
| Reid Manley | Louis H. Dillon v. Capital One | Circuit Court of Raleigh County 17-C-106-D |
| Reid Manley | James & Charlotte Green v, Capital One | Circuit Court of Raleigh County 17-C-93-D |
| Reid Manley | Thomas & Kimberly Waugh v. Capital One | Circuit Court of Cabell County 17-C-247 |

| Reid Manley | Stephen Pugh v. Capital One | Circuit Court of Mercer County 17-C-275 |
|---|---|---|
| Reid Manley | Robert Rutledge v. Capital One | Circuit Court of Raleigh County 17-C-375 |
| Reid Manley | Eula Ewing v. Capital One | Circuit Court of Mercer County 17-C-361-D |
| Reid Manley | Rodney Crisp v. Capital One | Circuit Court of Kanawha County 17-C-1643 |
| Reid Manley | James & Ann Perdue v. Capital One | Circuit Court of Fayette County 18-C-6 |
| Reid Manley | Timothy & Sandra Stormes v. Capital One Bank, N.A. | United States Bankruptcy Court Southern District of West Virginia 3:16-ap-03007 |
| Reid Manley | Cliff Yuill v. Capital One Bank, N.A. | United States District Court Southern District of West Virginia 3:17-cv-03436 |
| Kip Nesmith | Aida S.R.I. v. Gestamp West Virginia, LLC | Circuit Court of Kanawha County 16-C-1065 |
| Kip Nesmith | Kenneth Harrison & Lisa Harrison v. Gestamp North America, Inc. | Circuit Court of Kanawha County 15-C-877 |
| Rik Tozzi | James Kenneth Legg v. Capital One Bank (USA), N.A. and | Circuit Court of Nicholas County 16-C-84 |

# Exhibit B

**From:** The West Virginia State Bar [mailto:support@wvbar.org]
**Sent:** Thursday, August 30, 2018 2:43 PM
**To:** Flowers, Ronald <rflowers@burr.com>
**Cc:** cheryl@wvbar.org; Flowers, Ronald <rflowers@burr.com>
**Subject:** Receipt - Pro Hac Vice - Case Payment -



Thank you for submitting your information. Please save a copy of this message as your receipt.
You will be contacted if further information is needed.

Decisions of granting or denying Pro Hac Vice motions are not made by The West Virginia State Bar, but by the tribunal to which the motion was submitted.

The West Virginia State Bar is in receipt of your motion to admit counsel pro hac vice which identifies you as local counsel for the proposed visiting attorney.

The West Virginia State Bar's Unlawful Practice of Law Committee wants to ensure that the sponsoring attorney is aware of the requirements and responsibilities that he or she has when serving in this capacity. At the request of that Committee, I have attached a copy of Rule 8.0 of the Rules for Admission to the Practice of Law and a copy of the Unlawful Practice of Law Committee's Advisory Opinion 2010-001, which provides the Committee's directives to both the local attorney and the attorney seeking admission pro hac vice regarding the obligations that each of those attorneys have in their respective capacities. Please review these requirements. The Committee also directs that you provide this information to visiting counsel, and ensure that he or she is familiar with the requirements contained therein.

Please find additional info in these 2 files:
https://www.mywvbar.org/sites/default/files/emails/Rule8.pdf
https://www.mywvbar.org/sites/default/files/emails/AO%202010-001.pdf

For more information please contact Cheryl Petty Moats at cheryl@wvbar.org.

To view your submission status go to: https://www.mywvbar.org/phv-case-list

Please print this confirmation for your records.

| Payment Information | | | |
|---|---|---|---|
| **Item** | **Qty** | **Each** | **Total** |
| Number of Out-Of-State Lawyers | 1 | $ 358.00 | $ 358.00 |

| | |
|---|---|
| Total Amount: $ 358.00 | |
| Date: August 30th, 2018 3:43 PM | |
| Transaction #: 61260207142 | |

**Name:**

**WVBar ID:**

**PHV Case Information**

| | |
|---|---|
| Civil Action Number | 18-c-526 |
| Email | rflowers@burr.com |

**Billing Name and Address**

Ronald Flowers
230 Richmar Drive
Birmingham, AL 35213

rflowers@burr.com

**Credit Card Information**

Visa
************2915
Expires: December 2019

## IN THE CIRCUIT COURT
## OF KANAWHA COUNTY, WEST VIRGINIA

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA, LLC,** | ) | **Civil Action No. 18-C-526** |
| **BARRY HOLSTEIN, KENNETH** | ) | |
| **SUPRENANT, and SCOTT HUGHES,** | ) | **Honorable Tod J. Kaufman** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE FOR MOTION FOR *PRO HAC VICE* ADMISSION OF RONALD W. FLOWERS, JR.

I, Raj A. Shah, do hereby certify that I served the foregoing *Motion for Pro Hac Vice Admission of Ronald W. Flowers, Jr.* by mailing a true copy thereof to the following parties or counsel of record, by U.S. Mail, with postage prepaid, on this the ___30th___ day of August, 2018:

D. Adrian Hoosier, II
Erica Lord
Lord Hoosier PLLC
225 Hale Street
Charleston, WV 25301

*Attorneys for Plaintiff*

Raj A. Shah (WV Bar #11269)
Hendrickson & Long, PLLC
P. O. Box 11070
214 Capitol Street
Charleston, West Virginia 23339
(304) 346-5500

# IN THE CIRCUIT COURT
## OF KANAWHA COUNTY, WEST VIRGINIA

AMBER D. HALL, )
                                    )
        Plaintiff, )
                                    )
v. )
                                    )   Civil Action No. 18-C-526
GESTAMP WEST VIRGINIA, LLC, )
BARRY HOLSTEIN, KENNETH )   Honorable Tod J. Kaufman
SUPRENANT, and SCOTT HUGHES, )
        Defendants. )

## ORDER GRANTING ADMISSIONS *PRO HAC VICE* FOR RONALD W. FLOWERS, JR.

Pursuant to the Motion for Admissions *Pro Hac Vice* of Ronald W. Flowers, Jr., it is

hereby **ORDERED** that said Motion is **GRANTED** and that Ronald W. Flowers, Jr., is admitted

to practice *pro hac vice* as counsel for Defendants in this civil action.

The Clerk is hereby directed to forward attested copies of this Order to all counsel of

record.

ENTERED this _____ day of _____, 2018.

Judge Tod J. Kaufman

_____

Prepared by:

_R. Sh_____

Raj A. Shah (WV Bar #11269)
Hendrickson & Long, PLLC
P. O. Box 11070
214 Capitol Street
Charleston, West Virginia 23339
(304) 346-5500

31571109 v1

## IN THE CIRCUIT COURT
## OF KANAWHA COUNTY, WEST VIRGINIA

AMBER D. HALL,                )
                              )
    Plaintiff,            )
                              )
v.                            )
                              )
GESTAMP WEST VIRGINIA, LLC,   )   Civil Action No. 18-C-526
BARRY HOLSTEIN, KENNETH       )
SUPRENANT, and SCOTT HUGHES,  )   Honorable Tod J. Kaufman
                              )
    Defendants.           )
                              )

### ORDER GRANTING ADMISSIONS *PRO HAC VICE*
### FOR RONALD W. FLOWERS, JR.

Pursuant to the Motion for Admissions *Pro Hac Vice* of Ronald W. Flowers, Jr., it is

hereby **ORDERED** that said Motion is **GRANTED** and that Ronald W. Flowers, Jr., is admitted

to practice *pro hac vice* as counsel for Defendants in this civil action.

The Clerk is hereby directed to forward attested copies of this Order to all counsel of

record.

    **ENTERED** this ___11___ day of ___October___, 2018.

Judge Tod J. Kaufman

Prepared by:

Raj A. Shah (WV Bar #11269)
Hendrickson & Long, PLLC
P. O. Box 11070
214 Capitol Street
Charleston, West Virginia 23339
(304) 346-5500

31571109 v1

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF THE CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS ___11th___
DAY OF _____ 2018
_____ CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

AMBER D. HALL,

    Plaintiff,

v.                                Civil Action No.: 18-C-526
                                     Honorable Tod J. Kaufman

GESTAMP WEST VIRGINIA, LLC,
BARRY HOLSTEIN, KENNETH
SUPRENANT, and SCOTT HUGHES,

    Defendants.

## CERTIFICATE OF SERVICE

    I, Raj A. Shah, do hereby certify that the foregoing NOTICE TO TAKE DEPOSITION

has been served on all counsel of record by depositing true and exact copies thereof, via EMAIL

and/or United States mail, with first-class postage prepaid and properly addressed on this 27th

day of June, 2019, as follows:

    D. Adrian Hoosier, II
    Hoosier Law Firm
    2306 ½ Kanawha Boulevard, East
    Charleston, WV 25311

                                  _R. Sh_

                            Raj A. Shah, Esquire (WVSB # 11269)
                            Hendrickson & Long, PLLC
                            214 Capitol Street
                            Charleston, WV 25301
                            (304) 346-5500

                            Ronald W. Flowers, Jr., Esquire
                            Burr & Forman, LLP
                            420 north 20th Street
                            Suite 3400
                            Birmingham, Alabama 35203

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

AMBER D. HALL,

     Plaintiff,

v.
                          Civil Action No.: 18-C-526
                          Honorable Tod J. Kaufman

GESTAMP WEST VIRGINIA, LLC,
BARRY HOLSTEIN, KENNETH
SUPRENANT, and SCOTT HUGHES,

     Defendants.

## CERTIFICATE OF SERVICE

I, Raj A. Shah, do hereby certify that the foregoing AMENDED NOTICE TO TAKE

DEPOSITION has been served on all counsel of record by depositing true and exact copies

thereof, via EMAIL and/or United States mail, with first-class postage prepaid and properly

addressed on this 16th day of July, 2019, as follows:

     D. Adrian Hoosier, II
     Hoosier Law Firm
     2306 ½ Kanawha Boulevard, East
     Charleston, WV 25311

                        *Raj Shah by and* #11714
                        Raj A. Shah, Esquire (WVSB # 11269)
                        Hendrickson & Long, PLLC
                        214 Capitol Street
                        Charleston, WV 25301
                        (304) 346-5500

                        Ronald W. Flowers, Jr., Esquire
                        Burr & Forman, LLP
                        420 north 20th Street
                        Suite 3400
                        Birmingham, Alabama 35203

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

AMBER D. HALL,

       Plaintiff,

v.
                                              Civil Action Number: 18-C-526
                                              Judge: Kaufman

GESTAMP WEST VIRGINIA, LLC,
BARRY HOLSTEIN, KENNETH SUPRENANT
And SCOTT HUGHES,

       Defendants.

### *NOTICE OF SCHEDULING CONFERENCE*

**NOTICE IS PROVIDED**, that a Scheduling Conference has been set on Judge

Kaufman's Docket for Friday, January 17, 2020, presiding at 9:15 a.m. or shortly thereafter.

You are hereby provided with *NOTICE* to be present and protect you interest at said scheduled

conference hearing.

                                                 **AMBER D. HALL,**
                                                 By Counsel,

_____
D. Adrian Hoosier, II
West Virginia State Bar Identification Number:  10013
Hoosier Law Firm, PLLC
213 Hale Street, Suite 100
Charleston, West Virginia  25301
T: 681-265-5000
F  681-265-5001

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**AMBER D. HALL,**

       **Plaintiff,**

**v.**                                        **Civil Action Number: 18-C-526**
                                                **Judge: Kaufman**

**GESTAMP WEST VIRGINIA, LLC,**
**BARRY HOLSTEIN, KENNETH SUPRENANT**
**And SCOTT HUGHES,**

       **Defendants.**

### *CERTIFICATE OF SERVICE*

    I, D. Adrian Hoosier, II, counsel for Plaintiff, Larry Dodrill, do hereby certify that I have

served the foregoing ***NOTICE OF SCHEDULING CONFERENCE.*** a true and exact copy this

22nd day of November, 2019, to the following person, via facsimile, at 304-346-5515:

Hendrickson & Long, PLLC
Attention:
Raj A. Shah
214 Capitol Street
Post Office Box 11070
Charleston, West Virginia 25339

**D. Adrian Hoosier, II (WV Bar #10013)**

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

FILED

*Amber Hall*

    **Plaintiffs,**

2020 JAN 17 PM 12: 25

**v.**

CIVIL ACTION NO. 18-C-S2600

    **Defendant.**

*Gestamp*

**SCHEDULING ORDER**

       The following shall apply to and govern the above captioned action and activities conducted in connection with it. In the absence of a specific date or deadline for a given activity, it is anticipated that such activity will be scheduled and conducted within a reasonable time prior to trial and prior to any scheduled activity that should logically precede it.

       The parties may not amend, modify or adjust **any** provision of this order except by leave of the Court.

1.   Trial Date: *October 5th, 2020*      Time: *9am*
        Pretrial Conference: *September 17th, 2020*   Time: *10am*
2.   Dispositive Motions to be filed by: *June 30, 2020*
3.   Discovery Completed on or before: ~~*May 31, 2020*~~ *June 1 2020*
4.   Plaintiffs to identify expert witnesses by: *March 1 2020*
5.   Defendants to disclose expert witnesses by: *April 1 2020*
6.   All parties to identify fact witnesses by: *Feb. 14 2020*
7.   All independent medical examinations, physical or scientific tests or similar examinations, tests or studies shall be conducted by: *March 1 2020*
8.   Third party complaints to be filed and served on or before: *March 1 2020*
9.   Mediation to be completed by: *June 30, 2020*

       ALL clients, including a person with settlement authority, shall appear at the Pretrial Conference.

       The Court does further Order that a certified copy of this Order be sent to all parties or counsel of record.

       Entered this *17th* day of *January 2020.*

                      Tod J. Kaufman
                      Judge      *RFLOWERS@BURR.com*

_____      _____
Plaintiff's Counsel or Party if unrepresented     Defendant's Counsel or Party if unrepresented
    sign and print name                         sign and print name

*D. Adrian Hoosier, II*                 *R Flowers, by Jose*
*213 Hale St. Suite 100*
*Charleston WV 25301*
*681-265-5008*
*ADRIAN@HLFWV.com*

*3*

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE AND HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
DAY OF *January 2020*
*Cathy S. Gatson*, CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

*#6970*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

AMBER D. HALL,

    Plaintiff,

v.

                                      Civil Action No.: 18-C-526
                                      Honorable Tod J. Kaufman

GESTAMP WEST VIRGINIA, LLC,
BARRY HOLSTEIN, KENNETH
SUPRENANT, and SCOTT HUGHES,

    Defendants.

## CERTIFICATE OF SERVICE

I, Raj A. Shah, do hereby certify that the foregoing NOTICE OF CONTINUED

DEPOSITION has been served on all counsel of record by depositing true and exact copies

thereof, via EMAIL and/or United States mail, with first-class postage prepaid and properly

addressed on this 17th day of January, 2020, as follows:

    D. Adrian Hoosier, II
    Hoosier Law Firm
    2306 ½ Kanawha Boulevard, East
    Charleston, WV 25311

                                  *R. Sh*

                                Raj A. Shah, Esquire (WVSB # 11269)
                                Hendrickson & Long, PLLC
                                214 Capitol Street
                                Charleston, WV 25301
                                (304) 346-5500

                                Ronald W. Flowers, Jr., Esquire
                                Burr & Forman, LLP
                                420 north 20th Street
                                Suite 3400
                                Birmingham, Alabama 35203

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

AMBER HALL,

        Plaintiff,

v.

                                Civil Action No. 18-C-526

                                Hon. Judge Tod Kaumfan

GESTAMP WEST VIRGINIA, LLC,
BARRY HOLSTEIN, KENNETH SUPENANT,
AND SCOTT HUGHES,

        Defendant.

## CERTIFICATE OF SERVICE

I, D. Adrian Hoosier, II, Counsel for Plaintiff, Amber Hall, certifies the foregoing **"Plaintiff's First Set of Interrogatories and Requests For Production of Documents"** by sending a true exact copy this 11th day of February 2020, by United States mail, postage prepaid, to the following:

RAJ A. SHAH
Hendrickson & Long, PLLC
214 Capitol St.
Charleston, WV 25301

D. Adrian Hoosier, II

19

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**AMBER D. HALL,**

    **Plaintiff,**

**v.**

**GESTAMP WEST VIRGINIA, LLC,**          **Civil Action No. 18-C-526**
**BARRY HOLSTEIN, KENNETH**            **Judge: Tod J. Kaufman**
**SUPRENANT & SCOTT HUGHES,**

    **Defendant.**

## DEFENDANTS' FACT WITNESS LIST

Defendants Gestamp West Virginia, LLC, Kenneth Suprenant and Scott Hughes submit the following as their Fact Witness List pursuant to the Court's Scheduling Order:

1. Antoine Anderson
2. Jason Barrett
3. Chris Groom
4. Erica Haynes
5. Barry Holstein
6. Scott Hughes
7. Bonnie Kerola
8. Justin Lavender
9. Paul Lezanic
10. Rusty Mosberger
11. Nancy Paxton
12. Billy Ray
13. Scott Rogers

14. Donald Smith

15. Will Smith

16. Carolyn Starcher

17. Kenneth Suprenant

18. Stephen Thomas

19. Walter Thomas

20. Any witnesses needed for rebuttal or impeachment

21. Any witnesses listed by Plaintiff

Defendants reserve the right to amend this list and/or add additional witnesses to this list as they become known to Defendants.

**GESTAMP WEST VIRGINIA, LLC,
BARRY HOLSTEIN, KENNETH
SUPRENANT & SCOTT HUGHES,**

**By Counsel.**

Ronald Flowers, Esquire
**BURR & FORMAN LLP**
Suite 3400
420 North 20th Street
Birmingham, Alabama 35203
(205) 251-3000
(205) 458-5100 (facsimile)
rflowers@burr.com

Raj A. Shah, Esquire (#11269)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
rshah@handl.com

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**AMBER D. HALL,**

    **Plaintiff,**

**v.**

**GESTAMP WEST VIRGINIA, LLC,**           **Civil Action No. 18-C-526**
**BARRY HOLSTEIN, KENNETH**              **Judge: Tod J. Kaufman**
**SUPRENANT & SCOTT HUGHES,**

    **Defendant.**

## CERTIFICATE OF SERVICE

I, Raj A. Shah, counsel for defendants, do hereby certify that on the **14th day of February, 2020,** a true and exact copy of the foregoing **"DEFENDANTS' FACT WITNESS LIST"** was served upon counsel of record listed below, by placing the same in the United States mail, postage prepaid, addressed as follows:

> D. Adrian Hoosier II, Esquire
> **HOOSIER LAW FIRM PLLC**
> Suite 100
> 213 Hale Street
> Charleston, West Virginia 25301

_R. Sh_

Raj A. Shah, Esquire (#11269)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
rshah@handl.com