```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

AMBER D. HALL,

    Plaintiff,

v.                                      Civil Action No. 2:20-cv-00146

GESTAMP WEST VIRGINIA, LLC,
BARRY HOLSTEIN, KENNETH SUPRENANT,
and SCOTT HUGHES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's motion to remand, filed on March 16, 2020.

### I. Background

The plaintiff filed this civil action in the Circuit Court of Kanawha County, West Virginia on or about April 18, 2018. See ECF No. 1-2 at 18-27 ("Compl."). The plaintiff was employed at the Gestamp West Virginia, LLC ("Gestamp") facility in South Charleston, West Virginia from February 2014 until her termination on April 25, 2017. Id. ¶ 1. The plaintiff alleges that she was "illegally targeted for termination due to her medical leave and issues with PTSD anxiety and her gender." Id. ¶ 71. The plaintiff asserts that her termination due to her

"disability and/or gender is a violation of the West Virginia Human Rights Act." Id. ¶ 72. The plaintiff also reserves the "right to amend [her complaint] to allege claims for violations of public policy, namely relation [sic, retaliation?] for plaintiff complaints, her taking leave to address medical concerns, complaints of sexual harassment, and violations of the Equal Pay Act." Id. ¶ 75.

The defendants removed the action from state court on February 21, 2020 pursuant to 28 U.S.C. §§ 1441(a) and 1446 based on the federal question jurisdiction of this court under 28 U.S.C. § 1331. See ECF No. 1 ("Notice of Removal"). The defendants acknowledge that the plaintiff's complaint does not specifically plead any cause of action arising under federal law or the United States Constitution. See id. ¶ 3. The defendants also acknowledge that removability was not apparent from the "four corners" of the complaint. Id. ¶ 4. However, the defendants allege that the plaintiff testified in a deposition on February 6, 2020 that she intended to raise a claim that the defendants interfered with her exercise, or her attempt to exercise, rights under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., and that defendant Gestamp terminated and retaliated against the plaintiff based, in part, on her FMLA-protected activity. See id. ¶ 5.

Three lines of questions from the deposition are relevant to the issue of federal question jurisdiction:

> [#1] Q: Are you making any other claims in this action [aside from "claims of disability discrimination and gender discrimination under the West Virginia Human Rights Act"]?
>
> A: All my claims are in [the complaint].

See ECF No. 1-2 ("Dep. Tr.") at 85:17-23.

> [#2] Q: Are you alleging in Paragraph 71 [of the complaint] that you were retaliated against for taking leave under the Family Medical Leave Act?
>
> A: Yes

Id. at 86:10-13.

> [#3] Q: You said you were bringing an FMLA retaliation claim, which that [sic] means you were retaliated against because you took FMLA leave?
>
> A: Yes.

Id. at 88:22-24 to 89:1.

The defendants allege that this deposition was the "first and only notice" of the plaintiff's intent to raise these FMLA claims. See Notice of Removal ¶ 6. The defendants removed pursuant to 28 U.S.C. §§ 1441(a) and 1446, alleging that the deposition constitutes "a paper from which it may first be ascertained that the case is one which is or has become removable." See id. ¶¶ 9-12 (citing 28 U.S.C. § 1446(b)(3)).

The plaintiff filed a motion to remand on March 16, 2020 with briefing within it rather than a separate briefing memorandum as required by Rule 7.1(a)(2) of the Local Rules of Civil Procedure. See ECF No. 5 ("Mot. Remand"). Defendant Gestamp filed a response in opposition on March 30, 2020, ECF No. 6 ("Def.'s Resp.").[1] The plaintiff did not reply.

## II. Discussion

In her motion to remand, the plaintiff asserts that federal question jurisdiction is lacking under the well-pleaded complaint rule.[2] See Mot. Remand ¶¶ 6-13, 20-21 (citing Smith v. Bayer Material Sci., LLC, No. 5:12CV171, 2013 WL 4039946 (N.D.W. Va. Aug. 7, 2013)). The plaintiff argues that she "has NOT filed a Complaint concerning and [sic] Claim under the [FMLA]," id. ¶ 4, and that she "only made reference to FMLA – and in a deposition, not a pleading or Complaint," id. ¶ 14. Although

---

[1] The other defendants neither joined Gestamp's response nor filed their own responses to the motion to remand.

[2] The plaintiff also asserts that "just costs, any actual expenses and attorney's fees should be awarded to the plaintiff" because the defendants' Notice of Removal lacks merit and does not address any of the issues under 28 U.S.C. § 1445(c). Mot. Remand ¶ 1. Section 1445(c) prohibits the removal of a civil action in state court arising under the worker's compensation laws of that state. 28 U.S.C. § 1445(c). The plaintiff does not assert any worker's compensation claims in either her complaint or her motion to remand. The plaintiff's request for costs, expenses, and fees based on this issue is denied.

the plaintiff in her complaint reserves the right to add claims, see Compl. ¶ 75, she states that she "didn't list FMLA as on [sic, one] of the claims," see Mot. Remand ¶ 16. The plaintiff contends that "[t]his case has been litigated for well over a year, depositions have been taken, and 10,000+ pages of discovery have been produced," but the defendants "merely use words from her deposition transcript to base this entire removal." Id. ¶ 5. The plaintiff further argues that her complaint "does not require any interpretation of federal law that is substantially related to her allegations, and most likely does not require any interpretation of federal law whatsoever," because the complaint entirely cites West Virginia state law. See id. ¶¶ 18-19.

Defendant Gestamp alleges that there is no dispute that the plaintiff claims retaliation under the FMLA because the plaintiff "testified unequivocally in her deposition that, in her Complaint, she was claiming retaliation under the [FMLA]." See Def.'s Resp. at 1. Gestamp asserts that it did not "interpret" the deposition and that the deposition testimony was "clear and unambiguous." Id. at 7. Gestamp argues that the plaintiff's deposition constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b)(3) from which the defendants first ascertained that the case is removable under federal

question jurisdiction. See id. at 2-8 (citing Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 845 (S.D.W. Va. 2008); Huffman v. Saul Holdings Ltd. P'ship., 194 F.3d 1072, 1078 (10th Cir. 1999)). Gestamp further argues that paragraph 75 of the complaint, which reserves for the plaintiff the right to allege a claim of a violation of public policy for taking leave to address her medical concerns, would require interpretation of the FMLA for such a claim.[3] See id. at 7-8.

A.  Initial Removal Pursuant to 28 U.S.C. § 1446(b)(1)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over two general types of civil actions: (1) cases "arising under the Constitution, laws, or treaties of the United States" (i.e.,

---

[3] Gestamp cites an unpublished memorandum opinion and order of the court to support the proposition that "a state law claim for wrongful discharge in violation of the FMLA's public policy creates federal question jurisdiction and is properly removable to federal court." Def.'s Resp. at 7-8 (citing Campbell v. ABB Process Analytics, Inc. and Kay H. Holliday, No. 5:96-0532 (Mem. Op. and Order) (S.D. W. Va. March 17, 1997)). Citation to this unpublished memorandum opinion and order is inapposite because the issue of the FMLA's public policy was an explicit claim in the complaint in Campbell but not in the complaint here.

"federal question jurisdiction"), 28 U.S.C. § 1331; and (2) cases in which there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000 (i.e., "diversity jurisdiction"), 28 U.S.C. § 1332(a). Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019).

Any civil action over which a federal court would have original jurisdiction may be removed from state court to that federal court by the defendant. 28 U.S.C. § 1441(a). Removal based on the initial pleading is governed by 28 U.S.C. § 1446(b)(1). Federal courts must strictly construe removal jurisdiction due to the "significant federalism concerns" raised by abrogating a state court of the ability to decide a case over which it has jurisdiction. See Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). Therefore, if federal jurisdiction is doubtful, remand is necessary. Id.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Pan Am. Petroleum Corp. v. Superior Court of Del. In & For New Castle Cty., 366 U.S. 656, 663 (1961) ("It is settled doctrine that a case is not

cognizable in a federal trial court, in the absence of diversity of citizenship, unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law."). The court must look "no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996); see also Mulcahey, 29 F.3d at 151 ("[A] court must first discern whether federal or state law creates the cause of action."). "A genuine and present controversy, not merely a possible or conjectural one . . . must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First Nat. Bank, 299 U.S. 109, 112–13 (1936) (internal citations omitted).

Lower federal courts can hear, originally or by removal from a state court, "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California, 463 U.S. 1, 27–28 (1983); see also Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) ("If a plaintiff can establish, without the

resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law."). The well-pleaded complaint rule "focuses on claims, not theories." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 811 (1988). Just because an essential element to a particular theory might be governed by federal law does not mean that the entire claim "arises under" federal law. See id.

"The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. "[T]he plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."[4] Id. at 399. Federal question jurisdiction cannot be

---

[4] Two related corollaries to the well-pleaded complaint rule are the complete preemption doctrine and the artful pleading doctrine. The complete preemption doctrine converts a state-law claim into one "arising under" federal law when Congress intended the federal cause of action to be "the exclusive cause of action" for that type of claim. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8-9 (2003); In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006). "The artful pleading doctrine allows removal where federal law completely preempts an asserted state-law claim," even though a federal question does not appear on the face of the complaint. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 471 (1998). This prevents a plaintiff from avoiding removal by omitting to plead necessary federal questions, or by artfully casting federal-law claims as state-law claims. Id. Neither doctrine applies to the plaintiff's initial pleading.

predicated on an actual or anticipated defense or counterclaim. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

Both parties agree that the plaintiff does not plead any claims in her complaint that arise under any federal law or the United States Constitution. See Notice of Removal ¶ 3; Mot. Remand ¶ 2. But see Def.'s Resp. at 4 (alleging that the complaint "contained only vague allegations concerning the FMLA"). As earlier noted, the complete preemption doctrine and the artful pleading doctrine do not apply.[5] The well-pleaded complaint rule is clear that the federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. The plaintiff exclusively relies on state-law causes of action in her complaint. Any potential federal claim from the complaint would be "merely a possible or conjectural one," and thus not satisfy the stringent requirement of appearing on the face of the complaint. See Gully, 299 U.S. at 112–13. The civil action may therefore not be removed based on federal question jurisdiction under the well-pleaded complaint rule.

---

[5] "[T]he FMLA does not preempt state law claims, even those claims arising out of the same transaction or occurrence as an FMLA claim." Vandevander v. Verizon Wireless, LLC, 149 F. Supp. 3d 724, 728 (S.D.W. Va. 2016); see also 29 U.S.C. § 2651(a)-(b).

B.      Later Removal Pursuant to 28 U.S.C. § 1446(b)(3)

If a case is not removable at the initial pleading but later becomes removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[6]  28 U.S.C. § 1446(b)(3).  The thirty-day clock does not begin to run until the defendant receives "some indicia of removability."  Hurley v. CBS Corp., 648 F. App'x 299, 304 (4th Cir. 2016) (per curiam); York v. Prop. & Cas. Ins. Co. of Hartford, 592 F. App'x 148, 151 (4th Cir. 2014) (per curiam).  The Court of Appeals for the Fourth Circuit has held that:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when.  Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997).  As previously discussed, federal courts must strictly construe

---

[6] The parties do not dispute whether removal was timely.

11

removal jurisdiction and remand the case if federal jurisdiction is doubtful. Mulcahey, 29 F.3d at 151.

The "motion, order or other paper" requirement of 28 U.S.C. § 1446(b)(3) is "broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." Yarnevic, 102 F.3d at 755 (citation and internal quotation marks omitted). Circuit courts have determined that a plaintiff's responses to deposition questions may constitute an "other paper" for purposes of § 1446(b). See, e.g., Peters v. Lincoln Elec. Co., 285 F.3d 456, 465 (6th Cir. 2002); Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999) (noting that the removal period commences the date of the testimony, not the receipt of the transcript); S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). This court has previously recognized that "other paper" includes "requests for admissions, deposition testimony, settlement offers, answers to interrogatories, briefs, and product identification documents given in discovery." Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 845 (S.D.W. Va. 2008) (citation omitted).

The plaintiff's deposition testimony asserts a federal cause of action under the FMLA. During the deposition, the plaintiff affirmed that she was retaliated against for taking

leave under the FMLA, see Dep. Tr. at 86:10-13, and that she is bringing an FMLA retaliation claim, see id. at 88:22-24 to 89:1. Plaintiff's counsel objected to other questions, see, e.g., id. at 87:3-4, 90:21, but he was silent when these two questions were asked and answered. The plaintiff does not argue that her deposition answers were mistaken, nor does she assert that there is no FMLA claim. Instead, she merely states in her motion to remand, "[w]hile Plaintiff has plead it reserves right to add other claims, Plaintiff didn't list FMLA as on [sic, one] of the claims" in her complaint.[7] See Mot. Remand ¶ 16.

The plaintiff additionally alleges in her motion to remand that she told the defendants that she was "exhausted" during the deposition, see id. ¶ 3, though that does not appear in any parts of the deposition furnished to the court. Yet, she fails to allege that any of her answers were erroneous because of exhaustion. During the deposition, the plaintiff also expressed her difficulty in understanding some questions that included sexual harassment matters, see, e.g., Dep. Tr. at 87:5, 88:6-7, but she answered categorically with an unqualified "yes"

---

[7] The plaintiff's argument that she "only made reference to FMLA . . . in a deposition, not in a pleading or Compliant [sic]," see Mot. Remand ¶ 14, is erroneous because the plaintiff references the FMLA no less than nine times in her complaint in describing the factual background for her claims, see Compl. ¶¶ 3, 4, 6, 8, 12-14, 20.

to questions that exclusively asked whether an FMLA claim was being made, at which time she expressed no difficulty in understanding.

Based on the plaintiff's unequivocal deposition testimony affirming an FMLA claim, coupled with the broad reservation in her complaint of the right to amend in order to allege claims for violations of public policy, including retaliation and taking leave to address medical concerns, all found in a complaint replete with references to the FMLA, the court finds that removal based on federal question jurisdiction was proper.

### III. Conclusion

Accordingly, it is ORDERED that the plaintiffs' motion to remand be, and it hereby is, denied. It is also ORDERED that the plaintiff's request for costs, expenses, and fees based on 28 U.S.C. § 1445(c) be, and it hereby is, denied.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record.

ENTER: April 20, 2020

John T. Copenhaver, Jr.
Senior United States District Judge