UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,

      Plaintiff,

v.                          Civil Action No. 2:20-cv-00146

GESTAMP WEST VIRGINIA, LLC,
BARRY HOLSTEIN, KENNETH SUPRENANT,
and SCOTT HUGHES,

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


      Pending are six motions from the parties concerning
the plaintiff's request for leave to file an amended complaint.


I.   Background


      The plaintiff initiated this civil action in the
Circuit Court of Kanawha County, West Virginia on or about April
18, 2018.  <u>See</u> ECF No. 1-2 at 18-27 ("Compl.").  The plaintiff
was employed at the Gestamp West Virginia, LLC ("Gestamp")
facility in South Charleston, West Virginia from February 2014
until her termination on April 25, 2017.  <u>Id.</u> ¶ 1.  The
complaint does not enumerate specific counts or causes of
action.  Instead, the plaintiff alleges that she was "illegally
targeted for termination due to her medical leave and issues

with PTSD anxiety and her gender," and that her termination due to her "disability and/or gender is a violation of the West Virginia Human Rights Act." Id. ¶¶ 71-72. The plaintiff, in her complaint, also purports to reserve the "right to amend to allege claims for violations of public policy, namely relation [sic, retaliation?] for plaintiff complaints, her taking leave to address medical concerns, complaints of sexual harassment, and violations of the Equal Pay Act." Id. ¶ 75.

The defendants removed the action from state court on February 21, 2020 pursuant to 28 U.S.C. §§ 1441(a) and 1446 based on the federal question jurisdiction of this court under 28 U.S.C. § 1331. See ECF No. 1. Although the plaintiff's complaint does not specifically plead any cause of action arising under federal law or the United States Constitution, the plaintiff testified in a deposition on February 6, 2020 while in state court that she was alleging that Gestamp retaliated against her and terminated her for taking leave under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. See ECF No. 1-2 ("Dep. Tr.") at 86:2-13, 88:22 to 89:1, 98:11-18. Defendants thereupon promptly removed.

The plaintiff filed a motion to remand on March 16, 2020. See ECF No. 5. The court denied the motion on April 20, 2020:

> Based on the plaintiff's unequivocal deposition
> testimony affirming an FMLA claim, coupled with the
> broad reservation in her complaint of the right to
> amend in order to allege claims for violations of
> public policy, including retaliation and taking leave
> to address medical concerns, all found in a complaint
> replete with references to the FMLA, the court finds
> that removal based on federal question jurisdiction
> was proper.

ECF No. 9 at 14.

Pursuant to this court's scheduling order entered on April 9, 2020, the parties were given until April 24, 2020 to file any motions to amend the pleadings.[1]  None were timely filed.  Instead, the plaintiff attempted to amend her complaint via motions filed on June 25, 2020 and June 26, 2020, although plaintiff's memorandum in support of the motions to amend was not filed for either motion until July 20, 2020.  See ECF Nos. 19, 21.  The parties filed four other motions that relate directly or indirectly to the plaintiff's motions for leave to file an amended complaint.  See ECF Nos. 28, 29, 35, 39.

---

[1] The parties filed their Rule 26(f) Report with proposed dates on April 3, 2020.  See ECF No. 7.  In the Rule 26(f) Report, the parties requested that the deadline to amend the pleadings be April 10, 2020 for the plaintiff, and April 24, 2020 for the defendants.  See id. at 1.  The court allowed both parties until April 24, 2020 to amend the pleadings, which is more time than the plaintiff had initially requested.

## II.  Legal Standard

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The court should freely allow such motions, unless it is apparent or declared that (1) the movant has acted with undue delay, (2) the movant has acted with "bad faith or dilatory motive," (3) there has been a "repeated failure to cure deficiencies by amendments previously allowed," (4) granting such motion would cause undue prejudice to the non-moving party, or (5) granting such motion would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Delay alone is not a sufficient reason to deny leave to amend; the delay must be accompanied by prejudice, bad faith, or futility.  Johnson v. Oroweat Foods Co., 785 F.2d 503, 509–10 (4th Cir. 1986).

Rule 16 governs the content and issuance of scheduling orders in federal civil cases.  See Fed. R. Civ. P. 16.  "A schedule may be modified only for good cause and with the judge's consent." Id. 16(b)(4); McMillan v. Cumberland Cty. Bd. of Educ., 734 F. App'x 836, 845 (4th Cir. 2018); see also L.R. Civ. P. 16.1(f)(1).  "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be

4

satisfied to justify leave to amend the pleadings." <u>Nourison</u>
<u>Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008).  The
"touchstone" of the good cause requirement is "diligence" such
that "only diligent efforts to comply with the scheduling order
can satisfy Rule 16's good cause standard." <u>Faulconer v. Centra</u>
<u>Health, Inc.</u>, 808 F. App'x 148, 152 (4th Cir. 2020) (citing <u>Kmak</u>
<u>v. Am. Century Cos., Inc.</u>, 873 F.3d 1030, 1034 (8th Cir. 2017)).
If the movant has not been diligent in meeting deadlines in the
scheduling order, "then other factors – including the presence
or absence of prejudice to the other party – generally will not
be considered." <u>Id.</u> (citing <u>Kmak</u>, 873 F.3d at 1034).


### III. Discussion


A.   <u>Plaintiff's Motions for Leave to File Amended Complaint</u>
     <u>(ECF Nos. 19 & 21) & Defendant's Motion to Strike</u>
     <u>Plaintiff's Memorandum of Law (ECF No. 29)</u>


        The plaintiff filed a Motion for Leave to File Amended
Complaint or in the Alternative, Plaintiff's Second Motion to
Remand on June 25, 2020.  <u>See</u> ECF No. 19.  The plaintiff filed a
nearly identical motion the next day, on June 26, 2020.  <u>See</u> ECF
No. 21.  In both motions, the plaintiff objects to the removal
of this action from state court because she contends that she
has not alleged a cause of action under the FMLA.  <u>See id.</u> ¶ 6.
The action was removed based on the plaintiff's testimony that

an FMLA claim may be forthcoming, so the plaintiff requests leave to amend her complaint to ensure that the FLMA claims are plead as counts.  See id. ¶ 7, 10.  The plaintiff alleges that amending the complaint to add the FMLA claims does not prejudice the defendants because the merits of the FMLA action against all potentially liable parties would be presented "early in this proceeding" and adverse parties would have "ample time to meet the issues as this case is in its infancy."  See id. ¶¶ 8-9. Furthermore, if the plaintiff were barred from bringing FMLA claims, which were the basis for removal, then the plaintiff argues that the case must be remanded to state court.  See id. ¶ 11.

The plaintiff filed an amended complaint as an exhibit to the second of her motions.  See ECF No. 22 ("Am. Comp.").  The amended complaint alleges substantially the same facts as the original complaint, with minor changes to details.  The amended complaint enumerates seven counts: (1) violations of the West Virginia Human Rights Act based on gender, disability, and failure to accommodate disability; (2) retaliatory discrimination; (3) a violation of the West Virginia Human Rights Act based on quid pro quo sexual harassment; (4) violation of the West Virginia Human Rights Act based on sexual harassment for a hostile work environment; (5) violation of

public policy, namely, 29 U.S.C. § 2612(a)(1)[2] and workplace safety policies, for retaliatory discharge or adverse action; (6) interference with FMLA rights; and (7) wrongful termination and retaliatory discharge in violation of the FMLA. See id. ¶¶ 77-133.

Gestamp filed a response in opposition to the plaintiff's motions for leave to file an amended complaint on July 9, 2020 in which it argues that the plaintiff's motions should be denied because the plaintiff has failed to demonstrate good cause under either Rule 15(a)(2) or Rule 16, and because the amended complaint would be futile and prejudicial to the defendants. See ECF No. 25 at 5-13. The plaintiff did not file a reply to Gestamp's response.

The plaintiff did not file a memorandum of law in support of her motions until July 20, 2020, which was twenty-five (25) days after the first motion was filed and just eleven (11) days before discovery closed on July 31, 2020. See ECF No. 27. In this memorandum, plaintiff's counsel alleges for the first time that he missed the deadline to amend the complaint due to the ongoing COVID-19 pandemic and because he understood

---

[2] Section 2612(a)(1) entitles an eligible employee to twelve (12) workweeks of leave for specified reasons under the FMLA, including a serious health condition of the employee.

that the timeframe to file an amended complaint may have expired
while he was awaiting the court's ruling on the motion to
remand.[3]  See id. at 9.  The court notes that there is no basis
for counsel's failure to understand the time by which an
amendment was to be filed inasmuch as it was specified in the
scheduling order as April 24, 2020, a date after the court's
order denying remand was entered on April 20, 2020.

The plaintiff asserts that her original complaint
alleges "claims of wrongful termination including but not
limited to: Violations of the West Virginia Human Rights Act
(Failure to Accommodate, Disability Discrimination, Gender
Discrimination), Public Policy Violations, and Sexual
Harassment."  See id. at 9.  The plaintiff further contends that
the defendants had deposed the plaintiff "about all claims for
relief set forth in the Amended Complaint including sexual
harassment and FMLA claims."  See id. at 12.  The plaintiff also
contends that, during her deposition on February 6, 2020, her
claims were clarified as being "sexual harassment, harassment,
disability discrimination, hostile work environment, 'Sexual
harassment complaint,' discrimination based on disability and

---

[3] Counsel did not have long to wait.  The motion to remand was
filed on March 16, 2020 (ECF No. 5), the defendant filed a brief
in opposition on March 30, 2020 (ECF No. 6), the plaintiff
failed to file a reply due within seven days thereafter, and the
court ruled on April 20, 2020 (ECF No. 9).

gender claims, and FMLA retaliation claim." <u>See</u> <u>id.</u> at 12-13;
<u>see also</u> Dep. Tr. at 86:23 to 89:23.

Gestamp filed a motion to strike the plaintiff's
memorandum of law on July 29, 2020 in which it argues that the
plaintiff untimely filed its memorandum without seeking an
extension or leave of the court. <u>See</u> ECF No. 29 ¶¶ 4-5.
Gestamp asserts that the plaintiff fails to set forth any
grounds for why the court's order denying her motion to remand
prevented her from amending her complaint. <u>See</u> <u>id.</u> ¶ 7(b)(i).
Gestamp also opposes the addition of claims of disability,
sexual harassment, and public policy violations, which it argues
were not involved in the motion to remand. <u>See</u> <u>id.</u> ¶¶ 7(b)(ii),
7(c)(ii). Furthermore, if the plaintiff's memorandum is not
stricken, Gestamp requests leave to respond to new arguments
made for the first time in the memorandum. <u>See</u> <u>id.</u> ¶ 7(d). The
plaintiff did not file a response.

The plaintiff has failed to show good cause to grant
her motions. Contrary to the plaintiff's claim, this case is
not in its "infancy." The plaintiff filed its motions for leave
to file an amended complaint more than two years after filing
the original complaint in state court (on April 18, 2018) and
just over one month before the close of discovery (on July 31,
2020). The plaintiff's motions were also filed over two months

after the court denied the motion to remand (on April 20, 2020), and approximately two months after the deadline to amend pleadings (on April 24, 2020).  That was followed by a memorandum in support of those motions that was not filed for still another month.  The plaintiff had ample time to amend her complaint during the two years that this case has been litigated, including time to do so before the deadline to amend pleadings on April 24, 2020.  The plaintiff has demonstrated clear undue delay.

Granting the amended complaint at this last stage would also be highly prejudicial to the defendants.  The complaint only alleges violations of the West Virginia Human Rights Act.  See Compl. ¶¶71-72.  No other causes of action are alleged in the complaint that would give the defendants sufficient notice of the claims against them.  The plaintiff, in her complaint, undertook to "reserve" her right to allege additional claims, including violations of public policy and sexual harassment, but she did not seek leave from the court to amend the complaint or otherwise request an extension before the deadline to amend pleadings expired on April 24, 2020, nor did she do so for another two months when discovery was to close in another month or so.  The court determined the existence of the FMLA claims based on the allegations in the complaint and

plaintiff's deposition testimony, which gave the defendants notice of those claims against them before April 24, 2020.

As of April 24, 2020, the asserted claims in this case are violations of the West Virginia Human Rights Act for gender and disability discrimination, and violations of the FMLA for interference with the plaintiff's FMLA rights and for wrongful termination or retaliatory discharge in contravention of the FMLA.  A claim for failure to accommodate disability may plausibly be understood as a subset of disability discrimination.

Any ambiguity or uncertainty in the claims arises from plaintiff's poorly-constructed complaint.  Allowing the plaintiff to proceed with the proposed added claims in her motions for leave to file an amended complaint, coming as it does at such a late stage in the litigation, would be the very definition of prejudice to the defendants.

Accordingly, the plaintiff's first motion for leave to file an amended complaint is denied as moot inasmuch as a second motion, with a proposed amended complaint attached, was filed the next day.  The second motion for leave to file an amended complaint is denied for lack of good cause based on undue delay and prejudicial impact.  Finally, Gestamp's motion to strike the

plaintiff's delayed memorandum of law is denied as mooted by the foregoing rulings.

B.   Plaintiff's Motion to Continue (ECF No. 28)

The plaintiff filed a Motion to Continue, or in the Alternative, Leave to File Pleadings Outside Timeframe for Good Cause Shown on July 21, 2020, in which the plaintiff requests a continuance to allow more time for discovery and to file pleadings.  ECF No. 28 ¶ 24.  In the alternative, the plaintiff requests leave to file pleadings outside the timeframe for good cause shown, specifically the amended complaint, the memorandum of law, and/or a reply to Gestamp's response in opposition to the plaintiff's (second) motion for leave to file an amended complaint.  See id.  Plaintiff's counsel alleges good cause due to the COVID-19 pandemic and health issues concerning himself and family members, which have impeded his work on this case. See generally ECF No. 28.

Plaintiff's counsel specifically advises that he has had to care for his three young children alone because his ex-wife underwent a surgical procedure in mid-April 2020 with a recovery period and bed rest of an unstated duration, and because he was unable to get a babysitter or to use childcare services due to COVID-19.  See ECF No. 28-1 ¶¶ 4-9.  Counsel

also says that he has been responsible for homeschooling his children while schools have been closed since March 2020. See id. ¶¶ 4-8. Counsel further informs that COVID-19 has posed a heightened health risk to his daughter due to her multiple lung complications and to himself due to his asthma. See id. ¶¶ 10, 12. In addition, counsel notes that his attention deficit hyperactivity disorder ("ADHD") has made it difficult for him to focus on his work while also caring for and homeschooling his children during the pandemic. See id. ¶ 13.

Gestamp opposes the plaintiff's motion, in part, because the motion is untimely — being filed nearly three months after the deadline to amend pleadings — and because the plaintiff has not set forth good cause. See ECF No. 31 at 1. Specifically, Gestamp asserts that the plaintiff has not shown good cause because "she has not shown she acted with ordinary diligence in seeking to amend her Complaint." Id. at 6. The plaintiff did not file a reply.

The plaintiff has not shown good cause to warrant a continuance. While the court is sympathetic to counsel's

plight, it does not excuse the failure to seek timely an
extension.[4]

     The plaintiff's motion comes almost three months after
the deadline to amend the pleadings.  The plaintiff failed to
file a motion or to request an extension within a time even
close to that deadline.  The COVID-19 pandemic has affected all
cases on the court's docket, but the court still expects counsel
to exercise diligence in requesting extensions or continuances
within a reasonable time before a given deadline.  The plaintiff
has failed to show that she acted with any semblance of
diligence even after the deadlines set forth in the scheduling
order.  The plaintiff's motion to continue is therefore denied.


C.   **Defendant's Motion to Extend Dispositive Motion Deadline**
     **(ECF No. 35) & Joint Motion to Extend Dispositive Motion**
     **Deadline (ECF No. 39)**

     Gestamp filed an unopposed motion to extend the
dispositive motion deadline on August 12, 2020.  <u>See</u> ECF No. 35.
Gestamp asserts that it cannot file a dispositive motion until

---

[4] Counsel also alleges that his paralegal mistakenly removed
dates for this case from counsel's calendar after mistakenly
believing that this court was closed in accordance with the
order of the West Virginia Supreme Court of Appeals to close
state circuit courts between March and May 2020.  <u>See</u> ECF No. 28
¶¶ 2, 13-17.  The proffered excuse is unavailing.  Counsel is
charged with knowing that this case is in federal court subject
to federal disposition.

the court's ruling on the plaintiff's pending motion for leave
to amend the complaint because the ruling will determine which
claims proceed in this action.  See id. ¶ 5. Gestamp requests
that the court extend the dipositive motion deadline to
September 3, 2020 or fourteen (14) days after the court's ruling
on the plaintiff's motion for leave to amend the complaint,
whichever is later.  See id. ¶ 6.

        The parties also filed a joint motion to extend the
dispositive motion deadline on August 14, 2020.  See ECF No. 39.
In this joint motion, the parties request that the court extend
the dispositive motion deadline to fourteen (14) days after the
court's ruling on the plaintiff's motion for leave to amend the
complaint, or after the completion of three stipulated
depositions outside of the discovery period.  See id. ¶¶ 7-9.

        It is ORDERED that the motions to extend the
dispositive motion deadline be, and they hereby are, granted.
The dispositive motion deadline is extended to September 11,
2020.[5]  Other than the new response deadline of September 25,
2020 and the new reply deadline of October 2, 2020, the
remainder of the case shall proceed as scheduled.

---

[5] On August 18, 2020, the court granted an extension of the
dispositive motion deadline to August 28, 2020 while it decided
the present motions.  See ECF No. 42.

IV.   Conclusion

Accordingly, it is ORDERED that:

(1)   The plaintiff's first Motion for Leave to File Amended
Complaint or in the Alternative, Plaintiff's Second Motion
to Remand (ECF No. 19) be, and it hereby is, denied as
moot;

(2)   The plaintiff's second Motion for Leave to File Amended
Complaint or in the Alternative, Plaintiff's Second Motion
to Remand (ECF No. 21) be, and it hereby is, denied;

(3)   The plaintiff's Motion to Continue, or in the Alternative,
Leave to File Pleadings Outside Timeframe for Good Cause
Shown (ECF No. 28) be, and it hereby is, denied;

(4)   Gestamp's motion to strike the plaintiff's memorandum of
law (ECF No. 29) be, and it hereby is, denied as moot; and

(5)   Gestamp's motion to extend the dispositive motion deadline
(ECF No. 35) and the parties' joint motion to extend the
dispositive motion deadline (ECF No. 39) be, and they
hereby are, granted, and the dispositive motion deadline is
extended to September 11, 2020, with responses due
September 25, 2020 and replies due October 2, 2020.  The
remainder of the case shall proceed as scheduled.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTER: August 27, 2020

John T. Copenhaver, Jr.
Senior United States District Judge