UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,

         Plaintiff,

v.                                    Civil Action No. 2:20-cv-00146

GESTAMP WEST VIRGINIA, LLC,
KENNETH SUPRENANT,
and SCOTT HUGHES,

         Defendants.

MEMORANUDM OPINION AND ORDER

         Pending is the defendants' corrected motion to strike
portions of the plaintiff's evidentiary submission in support of
her opposition to summary judgement, filed on December 17, 2020
(ECF No. 105).[1]

I.   Background

         The plaintiff commenced this action by filing a
complaint in Kanawha County Circuit Court on or about April 18,
2018.  See EFC No. 1-1 at 11-20.  The defendants filed answers,
and the parties proceeded to engage in discovery in state court,

_____

[1] The defendants filed an initial version of the motion on
December 14, 2020, see EFC No. 99, but later filed a motion to
substitute the initial motion with the current corrected motion,
see ECF No. 103, which the court granted, see ECF No. 104.

see id. at 2-3, until the defendants removed the action to this court on February 21, 2020, see ECF No. 1.

The court thereafter entered a notice and order, setting the deadline for the parties to serve their initial Fed. R. Civ. P. 26(a)(1) disclosures for April 27, 2020. See ECF No. 4. The plaintiff filed a certificate of service indicating that she served her initial Rule 26(a)(1) disclosures on April 28, 2020.[2] See ECF No. 12.

The court's subsequent scheduling order set the deadline for completing discovery for July 31, 2020. See ECF No. 8. Late in the discovery period and then after it had expired, the plaintiff filed several notices of depositions, scheduling depositions of the three individual defendants – Barry Holstein,[3] Scott Hughes, and Kenneth Suprenant – as well as ten other individuals. See ECF No. 26; ECF No. 32; ECF No. 33; ECF No. 41; ECF No. 43. By September 3, 2020, the plaintiff had completed no less than seven and as many as nine of these

---

[2] The certificate of service states that the plaintiff served her initial disclosures on September 28, 2020, see ECF No. 12, but this appears to be an error. Inasmuch as the certificate of service was filed on April 28, 2020, the court assumes that the disclosures were served on the same date.

[3] Mr. Holstein was subsequently dismissed as a defendant in this case after the parties jointly stipulated to his dismissal. See ECF No. 112; ECF No. 113.

thirteen noticed depositions,[4] and many of them appear to have been completed, in accordance with a stipulation or otherwise, after the expiration of the discovery period.  See ECF No. 32; ECF No. 33; ECF No. 38; ECF No. 41; ECF No. 43.  Upon motions by the parties, see ECF No. 46; ECF No. 55; see also ECF No. 58, the court extended the deadline for completing discovery, limited to Mr. Suprenant's deposition, to October 23, 2020, and directed the parties to file a joint notice with the court upon the completion of Mr. Suprenant's deposition, see ECF No. 56. Thereafter, the parties jointly notified the court that Mr. Suprenant's deposition was completed on October 9, 2020, see ECF No. 72, which, under the terms of the court's prior order, ended

---

[4] On September 3, 2020, following a telephonic status conference, the Magistrate Judge entered an order granting the defendants' motion for a protective order and denying the plaintiff's motion to compel the depositions of Ms. Holbert and Mr. Suprenant.  See ECF No. 54; see also ECF No. 46; ECF No. 53; ECF No. 57. Although the order permitted the parties to complete Mr. Suprenant's deposition at a later point, it prevented the plaintiff from deposing Ms. Holbert, as the plaintiff's counsel had asserted that Mr. Suprenant's deposition was more important and because additional depositions beyond his would exceed the ten-deposition limit set by Fed. R. Civ. P. 30(a)(2)(A)(i) in the absence of leave of court.  See ECF No. 54; see also ECF No. 7 ¶ 3g (adopting the discovery limits set forth in the Federal Rules of Civil Procedure).  Later, in a supplemental motion to compel the depositions of Ms. Holbert and Mr. Suprenant, the plaintiff asserted that she had completed only seven or eight of the depositions she had noticed.  See ECF No. 59 ¶ 36.  Before the supplemental motion could be decided, however, the plaintiff withdrew it.  See ECF No. 66; ECF No. 67.

the discovery period in this matter.

On November 6, 2020, the defendants filed their motion for summary judgment.  See ECF No. 75.  In support of the motion, the defendants rely on, among other evidence, the plaintiff's testimony provided during her depositions conducted on July 18, 2019, and February 6, 2020.  See ECF No. 76 (citing ECF No. 75-1; ECF No. 75-2).

On December 4, 2020, the plaintiff timely filed her response in opposition to summary judgment.  See ECF No. 90; see also ECF No. 82.  Like the defendants, the plaintiff relies heavily on her own deposition testimony.  See EFC No. 90.  The plaintiff further relies on, among other evidence, the following:

1.   the affidavit of Maura Workman, dated October 7, 2020 (ECF No. 78), which was served on the defendants on November 11, 2020, see ECF No. 79;

2.   the affidavit of Kristina Dodd, dated November 19, 2020 (ECF No. 81);

3.   the affidavit of Shawn Waters, dated November 19, 2020 (ECF No. 83);

4.   the affidavit of Shondell Houston, dated November 19, 2020 (ECF No. 84);

5.   the affidavit of Mike Burrows, dated November 20, 2020 (ECF No. 85);

6.   the supplemental affidavit of Mike Burrows, dated November 25, 2020 (ECF No. 87);

7.   the affidavit of Kelly Carroll-Burrows, dated November

4

25, 2020 (ECF No. 86);

8.   the affidavit of the plaintiff, dated December 4, 2020 (ECF No. 94-8);

9.   a document purported to be a transcript of an April 24, 2017 conversation between the plaintiff and Kristina Dodd (ECF No. 91-15);

10.  a document purported to be handwritten notes taken by the plaintiff (ECF No. 91-16); and

11.  a complaint filed in state court against the defendants Gestamp West Virginia, LLC ("Gestamp"), and Scott Hughes, as well as another Gestamp employee, Richard Beckner, brought by Diana Williams and signed by her counsel (ECF No. 95-1).

After the plaintiff filed her response in opposition to summary judgment, the defendants filed the current motion to strike.  See ECF No. 105; see also ECF No. 99.  The defendants argue that the affidavits of Ms. Workman, Ms. Dodd, Ms. Waters, Ms. Houston, Mr. Burrows, and Ms. Carroll-Burrows (Nos. 1 through 7 above) should be stricken in their entirety, under Fed. R. Civ. P. 37(c)(1), because the plaintiff failed to identify these affiants in her Rule 26(a)(1) disclosures, and that the affidavits should also be stricken because the attestations contained in them are inadmissible.  See ECF No. 105.  The defendants also argue that certain attestations in the plaintiff's affidavit (No. 8 above) should be stricken because they conflict with her prior deposition testimony and because they are inadmissible.  See id.  Lastly, the defendants argue that the transcript, handwritten notes, and state-court

5

complaint (Nos. 9 through 11 above) should be stricken because they are inadmissible.  See id.  The motion has been fully briefed and is ready for disposition.

## II.  Legal Standards and Analysis

The defendants' motion presents three reasons for striking the challenged portions of the plaintiff's evidentiary submission: (A) the "'automatic sanction' of exclusion" provided in Rule 37(c)(1) for failing to timely disclose information required by Rule 26(a)(1), S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595 n.2 (4th Cir. 2003) (quoting Fed. R. Civ. P. 37(c) advisory committee note); (B) application of the so-called "sham-affidavit rule," which allows courts, at the summary judgment stage, to disregard an affidavit to the extent it is inconsistent with the affiant's prior deposition testimony, Kinser v. United Methodist Agency for the Retarded—W. N.C., Inc., 613 F. App'x 209, 210 (4th Cir. 2015) (citing Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999)); and (C) the objection permitted to be raised at the summary-judgment stage that "the material cited" by the plaintiff "to support or dispute a fact cannot be presented in a form that would be admissible in evidence" at trial, Fed. R. Civ. P. 56(c)(2).  The court addresses these arguments in turn.

A.    <u>Exclusion under Rule 37(c)(1)</u>

Under Rule 26(a)(1), "a party must, without awaiting a discovery request, provide to the other parties," among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(1).  Initial Rule 26(a)(1) disclosures are due by the deadline set by the court, and, after initial disclosures have been made, the parties have a continuing obligation to supplement or correct their disclosures in a timely manner.  <u>See</u> Fed. R. Civ. P. 26(a)(1)(C), (e)(1).

Rule 37(c)(1) provides that, "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  In the Fourth Circuit, five factors are employed "[i]n determining whether nondisclosure of [witnesses] is substantially justified or harmless," <u>Hoyle v. Freightliner, LLC</u>, 650 F.3d 321, 329 (4th Cir. 2011):

(1) the surprise to the party against whom the witness

7

> was to have testified; (2) the ability of the party to
> cure that surprise; (3) the extent to which allowing
> the testimony would disrupt the trial; (4) the
> explanation for the party's failure to name the
> witness before trial; and (5) the importance of the
> testimony.

Id. (quoting S. States, 318 F.3d at 596).

Unlike other sanctions available under Rule 37(c)(1), the exclusion of witnesses not timely disclosed is an "'automatic sanction,'" id. (quoting (quoting Fed. R. Civ. P. 37(c) advisory committee note), and the party that failed to timely disclose the witnesses bears the burden of showing that its failure was substantially justified or is harmless, see S. States, 318 F.3d at 596 (citing Wilson v. Bradlees of New England, 250 F.3d 10, 21 (1st Cir. 2001)). If the court concludes that a witness should be excluded under Rule 37(c)(1), the court may strike an affidavit of that witness offered by a party in support of or opposition to summary judgment. See Hoyle, 650 F.3d at 326, 330.

### 1. The plaintiff failed to timely disclose six affiants.

The defendants note that, although the plaintiff, in her initial Rule 26(a)(1) disclosures, identified eight other individuals, she failed to identify six of the affiants — Ms. Workman, Ms. Dodd, Ms. Waters, Ms. Houston, Mr. Burrows, and Ms.

8

Carroll-Burrows – whose affidavits are challenged in the current motion.  See ECF No. 99-1 (setting forth the plaintiff's initial Rule 26(a)(1) disclosure).  The defendants further assert that the plaintiff failed to identify these six affiants in any supplemental disclosure under Rule 26(e).

In response, the plaintiff asserts that she "did disclose the bulk" – apparently meaning three out of six – of the affiants as "witnesses."  ECF No. 106 at 1.  The plaintiff points to the defendants' first set of interrogatories propounded on the plaintiff while the action was still pending in state court.  See ECF No. 106-2.  The third interrogatory asked the plaintiff to "[i]dentify each and every person with knowledge of any facts that either support or refute any allegations of [the plaintiff's] [c]omplaint."  Id. at 2.  In a response, dated August 7, 2018, the plaintiff replied to the defendants' third interrogatory by referring to an attached document bearing the heading "Witnesses" and containing a list of 127 individuals.  ECF No. 106-3 at 1, see also ECF No. 106-2 at 2, 15.  Included in the list are "Kelly Carroll," "Maura Workman," and "Kristina Dodd."  ECF No. 106-3 at 1.  The list includes only the 127 individuals' names; it does not provide their telephone numbers, their addresses, or the subjects of the information they have.

9

The court concludes the plaintiff's listing these three affiants, along with 124 other individuals, in response to an interrogatory requesting the identity of persons with knowledge of facts relevant to the complaint's allegations does not satisfy Rule 26(a)(1)'s disclosure requirement.  There is a distinction between, on the one hand, individuals with knowledge of facts relevant to a complaint's allegations and, on the other hand, the subset of those individuals that a party "may use" to support, or defend against, the complaint's claims.  Fed. R. Civ. P. 26(a)(1) (emphasis added); see 6 James Wm. Moore, Moore's Federal Practice § 26.22[4][a][ii] ("The [Rule 26(a)(1)] obligation to disclose is no[t] . . . tied to persons with information relating to particularized allegations in the pleadings . . . .  The focus is on persons who have information that the disclosing party may use.").  The mere "[r]eference to a witness in discovery documents . . . [as] someone [who] has relevant information is insufficient to provide notice that the person might be called as a witness by the opposing party." Syngenta Crop Prot., LLC v. Willowood, LLC, No. 1:15-cv-274, 2017 WL 3309699, at *3 (M.D.N.C. Aug. 2, 2017); see also Lujan v. Caban Mgmt., Inc., 284 F.R.D. 50, 72-73 (E.D.N.Y. 2012) ("[T]he mere mention of a name in a[n] . . . interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)(i). . . . Rather, to satisfy Rule 26, parties must make an unequivocal

10

statement that they may rely upon an individual on a motion or at trial."). Further, because one of "the purpose[s]" of Rule 26(a)(1)'s "disclosure requirement" is "to disclose the identities of . . . prospective witnesses" in order "to assist the other parties in deciding whom they wish to depose," 6 Moore's, supra, § 26.22[4][a][i], an opposing party is "entitled to rely on [a party]'s disclosures as to who its witnesses [a]re likely to be," Syngenta, 2017 WL 3309699, at * 4.

Here, the plaintiff's mere listing of the three affiants among 127 individuals with knowledge of facts relevant to the complaint's allegation did not sufficiently disclose to the defendants that the plaintiff might use the affiants' affidavits for purposes of opposing summary judgment. See id. at *3; Lujan, 284 F.R.D. at 72-73. Further, because the plaintiff did not provide the affidavits until after the discovery period had ended (and, in fact, after the defendants had filed their motion for summary judgment), the plaintiff's omission of the affiants from any of her Rule 26 disclosures, on which the defendants are entitled to rely, has deprived the defendants of the opportunity to depose the affiants or otherwise conduct discovery on the contents of their affidavits. See Syngenta, 2017 WL 3309699, at * 4.

With respect to the remaining three affiants — Ms.

11

Waters, Ms. Houston, and Mr. Burrows – the plaintiff seems to concede that she did not identify them in either her Rule 26 disclosures or in a discovery response.  See ECF No. 106 at 1 (distinguishing between the three affiants whom, the plaintiff claims, she "did disclose" in an interrogatory response and the remaining affiants who "were not disclosed").  Rather, she argues that the affidavits from the remaining three affiants are not untimely under Rule 26 because they were submitted "in rebuttal to new testimony provide[d] by the defendants" in support of their motion for summary judgment.  Id. (emphases omitted).  The court is not persuaded.

    The plaintiff seems to argue that the identification of these three affiants is not untimely under Rule 26 because their affidavits are used only as rebuttal evidence.  However, the characterization of the affidavits as rebuttal evidence, by itself, has no bearing on whether the affiants who provided them were timely disclosed under Rule 26(a)(1) and (e).  See Lujan, 284 F.R.D. at 74; see also Baldassare v. Norfolk S. Ry. Co., 2020 WL 855964, at *3 (E.D. Va. Feb. 9, 2020) ("[Rule 26(a)(1)(a)(i)], by its own terms, does not exempt rebuttal evidence, only impeachment evidence[, from the timely disclosure requirement].").

    Next, the plaintiff argues that she could not have

12

been aware of the need to disclose the three affiants until the defendants submitted evidence in support of their summary-judgment motion. See 6 Moore's, § 26.22[1][b] ("Parties are required only to disclose matters of which they are aware or should be aware at the time they make the disclosures.").  The plaintiff asserts not that she was unaware of the three affiants or of the evidence provided in their affidavits, but that she "didn't know of their [or its] potential importance," until after she had received the defendants' evidence.  ECF No. 106 at 8.  Specifically, she asserts that, after receiving the defendants' evidence, she "filed [the] affidavits to directly address [a] disputed statement" in defendant "Scott Hughes['] . . . declaration that 'Gestamp vigorously enforces it[s] [sexual] [h]arassment [p]olicy.'"  Id. at 9 (citing ECF No. 75-6 ¶ 5.c).

As an initial matter, the court concludes that the plaintiff was or should have been aware from the outset of the case that Gestamp's enforcement of its sexual harassment policy was an issue for which she would need to use evidence.  In her complaint, ECF No. 1-1 at 11-20, the plaintiff alleges that Gestamp terminated her employment based on her sex, her disability, and the leave of absence she took pursuant to the Family and Medical Leave Act, and that her termination based on her sex and her disability violated the West Virginia Human

Rights Act, see id. ¶¶ 71-72.  She also alleges that Gestamp's asserted reason for terminating her — a complaint by another employee, Erica Haynes, that the plaintiff had sexually harassed her by commenting on her "posterior[]" — was pretextual, as Mr. Suprenant, a Gestamp manager, "had coached [Ms.] Haynes into filing [the] sexual harassment complaint," even though the comment at issue had been innocuous.  Id. ¶¶ 29-39, 49.[5]  She further alleges that a complaint of sexual harassment she had previously filed against Mr. Holstein had been ignored by Gestamp management.  See id. ¶¶ 52-66.

"In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, the plaintiff must offer proof . . . (1) [t]hat the plaintiff is a member of a protected class[;] (2) [t]hat the employer made an adverse decision concerning the plaintiff[; and] (3) [b]ut for the plaintiff's protected status, the adverse decision would not

---

[5] Other portions of the complaint also appear to be aimed at alleging that the reason Gestamp offered for terminating the plaintiff was pretextual.  For instance, the plaintiff alleges that, after Haynes filed her complaint of sexual harassment, Gestamp management continued to permit the plaintiff to supervise Haynes for two days, see ECF No. 1-1 at 11-20, ¶¶ 40, 43, suggesting they did not actually credit Haynes' complaint. She further alleges that the investigation into Haynes' complaint concluded within one day, even though such investigations typically take longer, see id. ¶¶ 50-51, suggesting the result of the investigation had been preordained.

14

have been made." Syl. pt. 3, Conway v. E. Associated Coal
Corp., 358 S.E.2d 423, 425 (W. Va. 1986).  To establish the
third element of her prima facie case, a plaintiff is "required
to . . . show some evidence . . . sufficiently link[ing] the
employer's decision and the plaintiff's status as a member of a
protected class so as to give rise to an inference that the
employment decision was based on an illegal discriminatory
criterion," such as evidence showing "unequal or disparate
treatment between members of the protected class and others" or
evidence "eliminat[ing] . . . the apparent legitimate reasons
for the decision."  Id. at 170-71.

         As her own complaint demonstrates, the plaintiff has,
since the commencement of the case, set out to prove that her
termination was due to her protected status with evidence
implicating Gestamp's enforcement of its sexual harassment
policy.  By offering proof of her allegation that Gestamp did
not enforce the policy against Mr. Holstein, a man, when she
filed a complaint against him but did enforce it against the
plaintiff, a woman, when Ms. Haynes filed a complaint against
her, the plaintiff might succeed in showing "unequal or
disparate treatment between members of the protected class and
others."  Id. at 171.  Similarly, by offering proof that Gestamp
typically did not enforce the policy but chose to do so in her

case, the plaintiff might succeed in showing that Gestamp's enforcement of the policy against her was a ruse, thus "eliminat[ing] . . . the apparent legitimate reason[] for the decision" to terminate her.  Id.  Thus, Gestamp's enforcement of its sexual harassment policy was placed at issue by the plaintiff's own complaint, and her assertion that she was not and could not have been aware of the importance of evidence on that issue until the defendants filed their motion for summary judgment rings hollow.

Further, the parties' efforts in discovery demonstrate that the plaintiff was or should have been aware, prior to the defendants' filing of their motion for summary judgment, that Gestamp's enforcement of its sexual harassment policy was at issue.  For instance, at the plaintiff's July 18, 2019 deposition, defense counsel inquired into whether she was aware of anyone aside from herself and Ms. Haynes that had complained to Mr. Hughes of sexual harassment.  See ECF No. 75-1 at 44.  At her February 6, 2020 deposition, the plaintiff testified regarding other complaints of sexual harassment she made against four other Gestamp employees.  See ECF No. 75-2 at 1-2, 30-31. She also testified regarding other employees' complaints of sexual harassment, which are described in the challenged affidavits.  See id. at 75-2 at 40-41, 45; see also ECF No. 78

16

¶¶ 3-4; ECF No. 83 ¶¶ 4, 10.[6]  At the July 24, 2020 deposition of
Gestamp employee, Jason Barrett, the plaintiff's counsel
inquired whether Mr. Barrett knew of employees being disciplined
for violating the sexual harassment policy, see ECF No. 75-23 at
15, 22-23, and specifically whether he knew of the "reputation"
of another Gestamp employee, Antoine Anderson, id., at 23, who
figures prominently in many of the challenged affidavits as an
alleged serial sexual harasser whom Gestamp did not discipline,
see ECF No. 83 ¶¶ 2-3, 8, 10; ECF No. 84 ¶ 17-18; ECF No. 85 ¶
3-6, 11; ECF No. 86 ¶¶ 11.b, 15.d; ECF No. 87 ¶¶ 3-7, 11-12.
And, at the October 9, 2020 deposition of Mr. Suprenant, the
plaintiff's counsel inquired into whether Mr. Suprenant followed
Gestamp's sexual harassment policy and how many instances of
sexual harassment he had reported to Gestamp's human resource
department.  See ECF No. 75-24 at 4, 13.  The plaintiff's
counsel also inquired into whether Mr. Suprenant knew of Mr.
Anderson's sexual relationships with six other employees, see
id. at 15-16, one of which is a subject of many of the
challenged affidavits, see ECF No. 83 ¶ 2; ECF No. 84 ¶ 18; ECF

---

[6] Notably, in her response opposing summary judgment, the
plaintiff cites testimony regarding her and others' complaints
of sexual harassment from her own depositions, which were
completed many months before the defendants filed their summary-
judgment motion, to show that Gestamp did not take "action[]" on
sexual harassment complaints and that its sexual harassment
policy "was rarely followed."  ECF No. 90 at 11-12.

No. 85 ¶ 3; ECF No. 86 ¶ 11.b; ECF No. 87 ¶¶ 3-4.

In sum, the court concludes that the plaintiff failed to timely disclose the six affiants as required by Rule 26.

### 2.    The plaintiff has not shown that her failure was substantially justified or is harmless.

The plaintiff argues that her failure to identify the six affiants in her initial April 28, 2020 disclosure or in a supplemental disclosure thereafter was substantially justified due to the difficulties in litigating occasioned by the COVID-19 pandemic, as well as a host of personal issues faced by the plaintiff's counsel and his staff that were exacerbated by the pandemic. See ECF No. 106 at 3-5. The court is not persuaded by this argument.

First, the plaintiff has failed to demonstrate that she was not aware or could not have been aware that she would use evidence from the affiants at the time of her initial disclosure, which came after more than two years of litigating this matter in state court, nearly all of it before the pandemic's onset. The plaintiff was able to make her initial disclosures, which identified eight other individuals, on April 28, 2020, and she has not explained how the pandemic prevented her from including the six affiants in that initial disclosure.

Second, the plaintiff has failed to demonstrate that the pandemic and her counsel's personal issues prevented her from timely supplementing her disclosures to include the affiants.  The court's docket reflects counsel engaging in extensive motions and discovery practice, some of it involving relatively complex and substantive issues, during the same period that the pandemic and counsel's personal issues are claimed to have prevented the plaintiff from supplementing her disclosures, which is a relatively uncomplicated endeavor. Thus, the court cannot conclude that the pandemic and counsel's personal issues thwarted the plaintiff's ability to supplement her disclosures during the more than five months of discovery following her initial disclosures or the month between the end of discovery and the defendant's filing of their motion for summary judgment.

The plaintiff next argues that her failure to disclose three of the affiants — Ms. Workman, Ms. Dodd, and Ms. Carroll-Burrows — is harmless.  <u>See</u> ECF No. 106 at 6-8.[7]  The plaintiff's argument in this regard consists of cataloguing the instances in which the three affiants' names, as well as some of the evidence

---

[7] The plaintiff does not argue that her failure to disclose the other three affiants — Ms. Waters, Ms. Houston, and Mr. Burrows — is harmless.

presented in their affidavits, arose in discovery materials
provided to the defendants.  See id.  Thus, the plaintiff's
argument appears to be directed at only one of the Southern
States factors: the surprise to the defendants from the
plaintiff's use of evidence from the undisclosed affiants to
oppose summary judgment.  See S. States, 318 F.3d at 596.

        The court again is not persuaded by the plaintiff's
argument.  First, the plaintiff has not demonstrated that
scattered references to the three affiants in discovery
materials, which the plaintiff herself has observed is
voluminous, see EFC No. 46 ¶ 29; ECF No. 88 ¶ 2, was sufficient
to place the defendants on notice that the plaintiff would use
evidence from these affiants to oppose summary judgment.
Indeed, when an individual is not identified in a Rule 26
disclosure, mere "references to [the individual] in deposition
testimony and in . . . discovery responses" can be "insufficient
to alert [an opposing party] that [the individual] [i]s a
potential witness," for purposes of demonstrating harmlessness,
even when the individual's evidence is "highly relevant."
Hoyle, 650 F.3d at 330 & n.6.  In view of the voluminous
discovery in this matter and the plaintiff's failure to identify
these three affiants in her disclosures, despite identifying
eight other individuals, the court concludes that the plaintiff

has not shown that the defendants would not be surprised by her use of the affiants' evidence to oppose summary judgment.

Second, other <u>Southern States</u> factors weigh in the defendants' favor.  Chief among them, in the court's view, is that the plaintiff filed the affidavits after discovery had ended and after the defendants had already submitted their motion for summary judgment, depriving the defendants of the opportunity to depose the affiants or to develop their summary-judgment strategy in light of the affiants' attestations.  <u>See</u> <u>S. States</u>, 318 F.3d at 596 (considering, as one factor, "the ability of the party to cure that surprise").[8]  Beyond this, the court also notes that the plaintiff's argument undermines the explanation for her failure to disclose the three affiants prior to the defendants' filing their summary-judgment motion.  <u>See</u> <u>id.</u> (considering "the explanation for the party's failure to name the witness").  If references to the three affiants and their evidence in discovery materials was sufficient to place the defendants on notice of their potential use by the

---

[8] The prejudice to the defendants in this regard is especially egregious with respect to Ms. Workman's affidavit, which the plaintiff apparently procured on October 7, 2020, almost a month before the defendants filed their summary-judgment motion, but which the plaintiff did not serve on the defendants until after they had filed their summary-judgment motion.  <u>See</u> ECF No. 75; ECF No. 78.

plaintiff, as the plaintiff argues, then the plaintiff should have likewise been alerted to the need to supplement her disclosures in accordance with Rule 26(e).

*          *          *

In sum, the plaintiff failed to timely disclose the six affiants as required by Rule 26(a)(1) and (e), and she has not met her burden to show that her failure was substantially justified or is harmless.  Accordingly, the court grants the defendants' motion to strike the affidavits of the six affiants and will not consider them in deciding the defendants' pending motion for summary judgment.  <u>See</u> <u>Hoyle</u>, 650 F.3d at 326, 330.

### B.   <u>Application of the sham-affidavit rule</u>

"[P]ursuant to the sham-affidavit rule," "[a]t the summary judgment stage, if an affidavit is inconsistent with the affiant's prior deposition testimony, courts may disregard the affidavit."  <u>Kinser</u>, 613 F. App'x at 210.  "'For the sham-affidavit rule to apply, there must be a bona fide inconsistency' between an affiant's averments and his deposition testimony."  <u>Id.</u> at 210-11 (brackets and ellipsis omitted) (quoting <u>Spriggs v. Diamond Auto Glass</u>, 242 F.3d 179, 185 n.7 (4th Cir. 2001)).

22

The defendants argue that at least nine attestations in the plaintiff's December 4, 2020 affidavit are inconsistent with her previous deposition testimony.  <u>See</u> ECF No. 105 at 6-7 (challenging attestations in ECF No. 94-8 ¶¶ 10, 11(b), 12(d), 20(e), 21(a)-(f), 22(r), 23(b), 26(f), 27(a)-(d)).  In response, the plaintiff argues that the attestations in her affidavit are not inconsistent with her deposition testimony.

The court need not determine whether the challenged attestations are inconsistent with the plaintiff's prior deposition testimony.  The sham-affidavit rule is employed to prevent a party from creating a dispute on an issue of fact for summary judgment by relying on an affidavit that contradicts the affiant's prior sworn testimony.  <u>See, e.g.</u>, <u>In re Family Dollar FLSA Litig.</u>, 637 F.3d 508, 512-13 (4th Cir. 2011).  Thus, the rule need not be applied to an affidavit when the party submitting it does not rely on it in a way that could create a dispute on an issue of fact at the summary judgment stage.

Here, the plaintiff cites her affidavit in her summary-judgment briefing only twice.  In the first instance, she cites the affidavit to support her assertion that she was employed at Gestamp from February 2014 to April 2017, <u>see</u> ECF No. 90 at 2, a fact that is undisputed, <u>see</u> ECF No. 76 at 2-3, 13.  In the second instance, she cites her affidavit, along with

the affidavits of the six other affiants, for the proposition
that "nearly every 'undisputed fact'" set forth in defendants'
brief's statement of undisputed facts "is disputed."  EFC No. 90
at 24.  Notably, she does not specify which of the defendants'
"undisputed facts" set forth in 14 pages of their brief are
disputed, nor does she specify which of the attestations in her
38-page affidavit she relies on to demonstrate a dispute.

        Although the plaintiff submitted her affidavit in
support of her summary-judgment briefing, she does not rely on
it in a way that could create a dispute over an issue of fact.
The plaintiff's first citation to her affidavit is to an
attestation that the defendants do not challenge in the current
motion and that she uses to support an assertion that is not in
dispute.  Her second citation is not "to [a] particular part[]"
of her lengthy affidavit, as required at summary judgment, Fed.
R. Civ. P. 56(c)(1)(A), and the plaintiff does not indicate
which of the defendants' factual assertions she disputes, let
alone which facts are supported or disputed by the affidavit.
See Doe v. Univ. of Denver, 952 F.3d 1182, 1191 (10th Cir. 2020)
("Where a[n] [affidavit] is made part of the record but the
party fails to cite to the particular parts of the record that
support a particular argument, the district court is under no
obligation to parse through the record to find the uncited

materials." (internal quotation marks and brackets omitted)).
Thus, the second citation is insufficient to create a genuine
dispute of fact.

Because the plaintiff does not rely on her affidavit
in a way that could create a factual dispute, the court need not
determine whether the sham-affidavit rule would apply to the
attestations challenged by the defendants, and the motion to
strike is denied in this respect.  However, as suggested in the
preceding paragraphs, the plaintiff's affidavit will play a
minimal role in deciding the pending summary-judgment motion.

C.    Objection under Rule 56(c)(2)

The defendants next argue that a laundry list of
attestations in the plaintiff's affidavit should be stricken
because they are inadmissible for multiple reasons.  See ECF No.
105 at 7-11 (challenging attestations in ECF No. 94-8 ¶¶ 6(b)-
(c), 9, 10(b)-(c), 11, 11(b), 12(d), 13, 13-1, 13-2(a)-(g), 13-
3(a)-(e), 13-4(a)-(j), 13-5(a)-(d), 13-6(a)-(e), 15(a), 15(b),
16(c), 16(d), 16(e), 18(a), 20(e), 20(f), 21(b), 21(c), 21(f)-
(h), 21(i), 22, 22(f), 22(g), 22(h), 22(l), 22(m)-(s), 22(u),
23, 23(a), 23(b), 24, 25, 26, 26(d), 26(e)-(f), 27, 27(a)-(b),
27(d), 27(e)-(m), 28, 28(a)-(e), 30, 30(a)-(f), 31, 31(a)-(c),

32, 34, 35, 36, 38(a)-(e)).[9]  Likewise, the defendants argue that the transcript, handwritten notes, and state-court complaint (Nos. 9 through 11 above) should be stricken because they are inadmissible.  See id. at 24-25.

When, at the summary-judgment stage, a party asserts that materials cited by an opposing party to create a factual dispute would not be admissible at trial, "a motion to strike is no longer the favored (or authorized) method of challenging the inadmissible nature of [the] evidentiary submission[]."  Propst v. HWS Co., Inc., 148 F. Supp. 3d 506, 511 (W.D.N.C. 2015). Instead, under Rule 56(c)(2), "the court may consider . . . the content or substance of [the] otherwise inadmissible materials where . . . 'the party submitting the evidence shows that it will be possible to put the information into an admissible form.'"  Humphreys & Partners Architects, L.P. v. Lessard Design, Inc., 790 F.3d 532, 538 (4th Cir. 2015) (internal brackets and ellipsis omitted) (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.91[2] (3d ed. 2015)).  "If [a party] objects to the court's consideration of 'material cited

---

[9] The defendants also argue that the some or all of the attestations in the affidavits of the six other affiants should be stricken because they are inadmissible for various reasons. See EFC No. 105 at 11-24.  Because the court has already determined that the affidavits of the six other affiants should be stricken on other grounds, it need not address this argument.

to support or dispute a fact,' the [proponent] has the burden
'to . . . explain the admissible form that is anticipated.'"
Id. at 538-39 (internal citations omitted) (quoting Fed. R. Civ.
P. 56(c)(2) and advisory committee's note to 2010 amendments).

As an initial matter, then, the defendants' motion to
strike the four challenged documents on the ground that they are
inadmissible must be denied because striking evidence is no
longer the authorized method for addressing challenges to an
evidentiary submission based on inadmissibility.  See id. at
538-39; Propst, 148 F. Supp. 3d at 511.

Further, the court concludes that it is unnecessary to
decide the defendants' objection to two of the challenged
documents.  As the text of Rule 56(c)(2) suggests, an objection
that challenged evidence cannot be produced in an admissible
form at trial is appropriate when that evidence is "cited to
support or dispute a fact."  Fed. R. Civ. P. 56(c)(2).  Although
the court "may consider" uncited materials in the record, it is
not obligated to do so.  See Fed. R. Civ. P. 56(c)(3).

Here, the plaintiff's summary-judgment briefing does
not cite the handwritten notes (ECF No. 91-16) the defendants
challenge to support or dispute any factual assertion.  And, as
discussed above, although the plaintiff's briefing cites the
plaintiff's affidavit (ECF No. 94-8) in two instances, in

27

neither instance does she do so in a way that sufficiently
supports or disputes a factual assertion.  Accordingly, there is
no basis for sustaining the defendants' objection with respect
to the handwritten notes or the plaintiff's affidavit.

With respect to the document purported to be a
transcript of a recorded conversation between the plaintiff and
Ms. Dodd (ECF No. 91-15), the defendants object to it on the
ground that it is not authenticated.  See ECF No. 105 at 24 &
n.26.  The defendants are correct that, on its face, the
document purports to be a transcript of a recorded conversation
between the plaintiff and Ms. Dodd.  See ECF No. 91-15.  Indeed,
in the sole instance the document is cited in the plaintiff's
summary-judgment briefing, she identifies it as a "[t]ranscript
of [a] conversation between [the plaintiff] and [Ms.] Dodd."
ECF No. 90 at 11 (italicization omitted).  The defendants are
also correct that, if presented at trial, the document, without
further authenticating evidence, would be inadmissible.  See
Fed. R. Evid. 901.

In response, the plaintiff does not argue that she
could provide the contents of the transcript in an admissible
form at trial.  Rather, she argues that the document is a
transcript of Ms. Dodd's deposition testimony and that it can be
authenticated by reference to the applicable pages of the court

reporter's transcript of Ms. Dodd's deposition and the page
containing the court reporter's attestation, which she has
provided.  See ECF No. 106 at 12; see also ECF No. 106-4; ECF
No. 106-5.

        On its face, however, the challenged document is not a
deposition transcript, and a review of the deposition transcript
prepared by the court reporter confirms that the challenged
document is not a transcript of Ms. Dodd's deposition.  Compare
ECF No. 91-15, with ECF No. 106-4, and ECF No. 106-5.  Because
the plaintiff has not met her burden to show that the document's
contents can be presented in an admissible form at trial, the
court need not consider it in deciding the defendants' summary-
judgment motion.  However, for reasons earlier explained, the
court denies the defendants' motion to strike the document.

        Lastly, with respect to the document purported to be a
state-court complaint against certain of the defendants filed by
Ms. Williams (ECF No. 95-1), the defendants argue that, because
the complaint is neither signed nor sworn by Ms. Williams,[10] its
allegations are inadmissible, as they are not authenticated and
constitute hearsay.  See ECF No. 105 at 25; see also ECF No. 95-

---

[10] Although the defendants assert that the complaint is not
signed, the court notes that the complaint appears to be signed
by counsel for Ms. Williams.  See ECF No. 95-1.

1.

      In response, the plaintiff argues that the complaint would not be excluded from evidence by the rule against hearsay because it is a record of a regularly conducted activity, as it was received and filed by the state court's clerk of court.  <u>See</u> ECF No. 106 at 12 (citing Fed. R. Evid. 803(6)).  The Rule 803(6) hearsay exception, however, does not apply to the extent the source (here, Ms. Williams presumably) and initial recorder (here, Ms. Williams' counsel) of the record did not create it in the course of the regularly conducted activity at issue.  <u>See</u> <u>United States v. Nicholson</u>, 924 F.2d 1053, 1991 WL 13932, at *6 (4th Cir. 1991) (unpublished) ("Th[e] exception . . . would not cover the information supplied by an outsider to the business, who was not in the regular course of business of providing such."); <u>accord</u> <u>Lorraine v. Markel Am. Ins. Co.</u>, 241 F.R.D. 534, 572 (D. Md. 2007); <u>Rambus, Inc. v. Infineon Techs. AG</u>, 348 F. Supp. 2d 698, 706-07 (E.D. Va. 2004).  Here, Ms. Williams and her counsel are "outsiders" and did not create the complaint in the course of the court clerk's regularly conducted activities. The court concludes that the Rule 803(6) exception does not apply here.

      The court agrees with the defendants that, if relied upon for the truth of its allegations, Ms. Williams' complaint

itself would not be admissible at trial.  See Nece v. Quicken Loans, Inc., No. 8:16-cv-2605-T-23CPT, 2018 WL 1326885, at *4 (M.D. Fla. March 15, 2018) ("[A]n unverified complaint from another action . . . is not evidence and cannot contribute to the resolution of a motion for summary judgment.").  As the defendant points out, the plaintiff's summary-judgment briefing relies on Ms. Williams' complaint for the truth of the matters asserted in its allegations.  See ECF No. 90 at 12, 21-22.  Consequently, the complaint itself would not be admissible at trial for its intended use.

Because the plaintiff has not met her burden to show that the complaint is itself admissible or that its contents could be presented at trial in an admissible form, the court need not consider it in deciding the defendants' summary-judgment motion.  However, the court denies the defendants' motion to strike it for the reasons discussed above.

### III. Conclusion

For the foregoing reasons, it is ORDERED that the defendants' corrected motion to strike (ECF No. 105) be, and hereby it is, granted to the extent it requests that the affidavits of Ms. Workman (ECF No. 78), Ms. Dodd (ECF No. 81), Ms. Waters (ECF No. 83), Ms. Houston (ECF No. 84), Mr. Burrows

(ECF Nos. 85 and 87), and Ms. Carroll-Burrows (ECF No. 86) be stricken and denied to the extent it requests that the remaining challenged documents (ECF Nos. 91-15, 91-16, 94-8, and 95-1) be stricken.

It is further ORDERED that the affidavits of Ms. Workman (ECF No. 78), Ms. Dodd (ECF No. 81), Ms. Waters (ECF No. 83), Ms. Houston (ECF No. 84), Mr. Burrows (ECF Nos. 85 and 87), and Ms. Carroll-Burrows (ECF No. 86) be, and hereby they are, stricken.

The Clerk is directed to transmit copies of this memorandum order and opinion to all counsel of record and any unrepresented parties.

ENTER: April 2, 2021

John T. Copenhaver, Jr.
Senior United States District Judge