IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| AMBER D. HALL, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) |
| GESTAMP WEST VIRGINIA, LLC, KENNETH SUPRENANT & SCOTT HUGHES, | ) )  Civil Action No.:  2:20-cv-00146 ) ) ) |
|     Defendants. | ) ) |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE INADMISSIBLE EVIDENCE LACKING PROPER FOUNDATION**

COME Defendants Gestamp West Virginia, LLC ("Gestamp"), Kenneth Suprenant, and Scott Hughes (collectively "Defendants") and move this Court pursuant to Rule 602 of the Federal Rules of Evidence to enter an Order *in limine* excluding any and all evidence, testimony, exhibits, questions, references, and arguments offered by Plaintiff Amber Hall ("Plaintiff" or "Hall") or her counsel in the presence of the jury, whether in voir dire, opening statement, presentation of evidence, questioning, or closing argument, concerning evidence which is inadmissible for lack of personal knowledge.  In support of this Motion, Defendants state as follows:

**GROUNDS**

1.    Federal Rule of Evidence 602 prohibits testimony by witnesses on matters which they lack personal knowledge.

2.    The below testimony by witnesses concerns matters for which they have no firsthand knowledge.  The testimony is conclusory and without foundation.

3.    Conclusory testimony for which plaintiffs lack personal knowledge should be excluded.  Fed. R. Evid. 602; *see Finch v. Covil Corp.*, 2018 WL 10690207, at *1 (M.D.N.C. Sept.

45309430 v1

28, 2018)(granting motion in limine to exclude witness who did not have personal knowledge).

### B.     EVIDENCE TO BE EXCLUDED

4.     Statements by Plaintiff or other witnesses regarding the hours worked, tasks assigned, or pay of other Group Leaders.

5.     Plaintiff's statements (1) that Gestamp did not follow handbook policies with respect to other employees; (2) that Gestamp did not conduct investigations or that the investigations were insufficient; (3) about the activities or results of the investigations; and (4) that individuals were not disciplined.  Additionally, testimony by witnesses regarding how investigations were conducted in which the witnesses had no involvement.

6.     Statements by Plaintiff and other witnesses about other employees' sexual relationships or sexual advances made to other employees.

7.     Statements by Plaintiff that Scott Hughes did not attempt to contact her while she was out on FMLA leave.  Plaintiff admitted during her deposition that she had no evidence that he was not trying to contact her.  *See* Plaintiff depo. II, 15:17-16:12.

8.     Statements by Plaintiff or other witnesses concerning how Gestamp calculated her FMLA leave.

9.     Statements by Plaintiff or other witnesses about what other employees reported or did not report in their complaints to Human Resources.

10.     Statements by Plaintiff regarding what management employees said to other employees while she was on leave.

11.     Statements by Plaintiff or other witnesses that the Company was looking for reasons to terminate Plaintiff or did not want her to return to work.

12.     Statements by Plaintiff regarding Gestamp's or manager's intent regarding her position while she was on leave and Aaron Lambert temporarily filling the position.

13. Statements by Plaintiff about Aaron Lambert and other employees' promotions, transfers, discipline, and termination, particularly after Plaintiff's termination.

14. Statements by Plaintiff regarding sexual harassment complaints made by Diana Williams and other employees, the investigations into such complaints, and the findings regarding such complaints.

15. Statements by witnesses that Gestamp "maintained an atmosphere of sexually suggestive conduct" or that "[s]exual comments were made literally all day every day."

16. Statements by witnesses that other employees were terminated "after filing claims for FMLA leave" or because of their disabilities or that employees were retaliated against for using FMLA leave.

17. Statements by witnesses regarding other employees' use of FMLA leave.

18. Statements by witnesses regarding other employees' use of a Company credit card.

19. Statements regarding alleged sexual conduct or harassment at Gestamp which were not reported to Human Resources Manager Scott Hughes.

20. Statements of "sexual harassment complaints" made to Scott Hughes without any details regarding the specific information included in such complaints.

21. Statements by non-management witnesses offering conclusions regarding Plaintiff's work performance.

22. Testimony that Aaron Lambert was close with management and frequently out drinking with members of management.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court grant this Motion.

Respectfully submitted,

**GESTAMP WEST VIRGINIA, LLC, KENNETH SUPRENANT, AND SCOTT HUGHES**

**By Counsel**

<u>*/s/ Raj A. Shah           04/02/2021*</u>
Raj A. Shah, Esquire (#11269)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
rshah@handl.com

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | |
|---|---|
| AMBER D. HALL,       ) | |
|     Plaintiff,        ) | |
| v.       ) | |
| GESTAMP WEST VIRGINIA,       ) | Civil Action No.: 2:20-cv-00146 |
| LLC, BARRY HOLSTEIN,       ) | |
| KENNETH SUPRENANT &       ) | |
| SCOTT HUGHES,       ) | |
|     Defendants.       ) | |

**CERTIFICATE OF SERVICE**

I, Raj A. Shah, counsel for Defendants Gestamp West Virginia, LLC, Kenneth Suprenant, and Scott Hughes do hereby certify that on the **2nd day of April 2021**, a true and exact copy of the foregoing **MOTION IN LIMINE TO EXCLUDE INADMISSIBLE EVIDENCE LACKING PROPER FOUNDATION** has been served using the Court's CM/ECF system, which will deliver a true copy thereof to the following counsel of record:

Adrian Hoosier
Hoosier Law Firm PLLC
213 Hale Street, Suite 100
Charleston, WV 25301
(681) 265-5000
(681) 265-5001 (fax)
adrian@hlfwv.com

                                             */s/**Raj Arvind Shah* **(04/02/2021)**
                                             Raj A. Shah, Esquire (#11269)
                                             HENDRICKSON & LONG, PLLC
                                             214 Capitol Street (zip 25301)
                                             P.O. Box 11070
                                             Charleston, West Virginia   25339
                                             (304) 346-5500
                                             (304) 346-5515 (facsimile)
                                             rshah@handl.com