IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| AMBER D. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GESTAMP WEST VIRGINIA, LLC, | ) Civil Action No.: 2:20-cv-00146 |
| KENNETH SUPRENANT & SCOTT | ) |
| HUGHES, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NUMBER ONE TO EXCLUDE TESTIMONY OR EVIDENCE OF SEXUAL CONDUCT, SEXUALLY SUGGESTIVE COMMUNICATIONS, OR INTIMATE RELATIONSHIPS**

Defendants Gestamp West Virginia, LLC ("Gestamp"), Kenneth Suprenant, and Scott Hughes (collectively "Defendants") submit the following Response in opposition to Plaintiff Amber Hall's ("Plaintiff" or "Hall") Motion in Limine Number One: Exclusion of Testimony or Evidence of Sexual Conduct, Sexually Suggestive Communications, or Intimate Relationships (Doc. 114):

1. In her Motion in Limine, Plaintiff asks the Court to prohibit Defendants from introducing "text" and "Facebook Messenger" communications between Plaintiffs and other individuals, including Gestamp employees, which are "intimate/sexual" in nature. (Doc. 114, p. 1). According to Plaintiff, these communications are irrelevant and would be prejudicial because they would embarrass, humiliate, or "in other ways harm the Plaintiff." *Id*. at pp. 1-2.

2. Plaintiff's Motion in Limine is due to be denied because it is overbroad and premature. Plaintiff's communications with Gestamp employees are relevant under Fed. R. Evid. 401, and Plaintiff has not met her burden of showing that communications with Gestamp employees should be excluded under Fed. R. Evid. 403 or 404.

  3. As Plaintiff admits in her Motion, some of the communications Plaintiff seeks to exclude are communications she had with Gestamp employees, some of which are relevant to Plaintiff's attempt to establish pretext.

  a. Plaintiff has the following claims pending before the Court: (1) disability discrimination under the West Virginia Human Rights Act (WVHRA); (2) gender discrimination under the WVHRA; and (3) FMLA interference and retaliation. *See* Doc. 76, p. 1.

  b. Defendant has presented evidence that Plaintiff's employment was terminated after Gestamp concluded that Plaintiff had violated Gestamp's Zero Tolerance Sex Harassment policy. *See* Doc. 76, pp. 11-13.

  c. In support of her argument that Gestamp's reason for Plaintiff's termination was pretextual and that discrimination was the true reason for her termination, Plaintiff has attempted to present evidence that Gestamp had knowledge of other employees violating the sex harassment policy, including Plaintiff's own allegations that she was harassed by her supervisor and allegedly reported the harassment to Gestamp. *See* Doc. 97, pp. 5-6, 11-24.

  d. Plaintiff's communications with Gestamp employees about potential, alleged sexual harassment or sexual relationships may be relevant to Plaintiff's attempt to show pretext. Specifically, some of the communications may have a tendency to make Plaintiff's claim that she was subjected to sexual harassment or that Gestamp allegedly knew of other instances of sexual harassment less probable.[1]

  e. Furthermore, Hall contends in support of her claims that she was a highly

---

[1] Fed. R. Evid. 401 states, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

performing Supervisor prior to her medical conditions (*see, e.g.,* Integrated Pretrial Order, Doc. 124, p. 18 ("Hall was an employee on the rise at Gestamp until she experienced medical setbacks"), p. 19 ("And was receiving great reviews"), but these contentions are contradicted by the undisputed record evidence from her superiors who reported numerous severe issues with her performance and attendance in 2017, including time management, completing projects on time, professionalism, and attention to the task at hand rather than spending time in other area of the plant (*see, e.g.*, Doc. 76, pp. 4-5).

      f.      The messages Plaintiff seeks to exclude demonstrate that she spent much of each workday sending non-work-related messages to other employees. Reviewing the messages, it is no surprise she struggled to complete her projects and assignments on time.

      g.      Many of the intimate and sexual communications Plaintiff seeks to exclude occurred during working time when she was expected to be performing work tasks rather than sending text and DM messages to other employees in the plant including her subordinates. These voluminous messages occurring during working time corroborate the performance issues Plaintiff's superiors had with her and prove false her contentions that she was a highly performing Supervisor. Therefore, they are extremely relevant to her allegations in this case.

      h.      Because Plaintiff's Motion in Limine seeks to exclude all "intimate/sexual" communications, including those with Gestamp employees, it is premature and overly broad because it encompasses communications that may be relevant to Plaintiff's attempt to show pretext as well as to the legitimate performance issues that Gestamp management was having with her, which proves false her contentions she was a highly performing supervisor.[2]

---

[2] *Thibodeaux v. Sterling*, 2020 WL 4286874, at *12 (D. Md. July 27, 2020)(denying motion in limine because "[a]ny objections Plaintiffs may have during direct examination can be addressed on a case-by-case basis.").

3

4. Plaintiff also argues that the "intimate/sexual" communications, including those with Gestamp employees, are due to be excluded under Fed. R. Evid. 403, which provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

    a. As the party seeking the exclusion of evidence, it is Plaintiff's burden to show that the alleged unfair prejudice **substantially outweighs** the probative value of the evidence sought to be excluded.[3]

    b. Plaintiff does not provide any explanation for how the evidence she seeks to exclude is prejudicial, much less how the alleged prejudice **substantially outweighs** the probative value of the evidence.

    c. This is particularly true given Plaintiff seeks the exclusion of *all* "intimate/sexual" communications, including those with Gestamp employees. As explained in ¶ 4, *supra*, Plaintiff's "intimate/sexual" communications with Gestamp employees are relevant to Plaintiff's attempt to show pretext as well as to the legitimate performance issues that Gestamp management was having with her, which proves false her contentions she was a highly performing supervisor.

    d. Plaintiff appears to operate under the assumption that Gestamp may seek to introduce evidence of every single intimate/sexual" communication she produced. However, she sets forth no grounds for how specific communications, particularly those with Gestamp employees, would be prejudicial, much less that the prejudice would **substantially outweigh** the

---

[3] *See Glass v. Anne Arundel Cty.*, 2015 WL 4619631, at *2 (D. Md. July 30, 2015)("denying motion to exclude evidence under Rule 403, explaining, "When conducting Rule 403 balancing, courts should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.")(citing *E.I. DuPont De Nemours & Co. v. Kolon Indus., Inc.*, 564 F. App'x 710, 715 (4th Cir. 2014)).

probative value of the evidence.

   e. Because the evidence is relevant and Plaintiff has not shown that any alleged prejudice would **substantially outweigh** the probative value of the evidence, Plaintiff's Motion in Limine to exclude the evidence under Rule 403 is due to be denied.

  5. Plaintiff also asks the Court to exclude the "intimate/sexual" communications, including those with Gestamp employees, under Fed. R. Evid. 404(a)(1), which provides, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

   a. Again, Plaintiff's Motion is premature and overly broad, as the evidence she seeks to exclude, particularly her communications with other Gestamp employees, is relevant to issues other than Plaintiff's character. *See* ¶ 3, *supra*.[4]

   b. Because the evidence Plaintiff seeks to exclude under Rule 404(a)(1) is relevant to issues other than Plaintiff's character, her Motion is due to be denied.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine Number One: Exclusion of Testimony or Evidence of Sexual Conduct, Sexually Suggestive Communications, or Intimate Relationships (Doc. 114).

---

[4] See *Beach Mart, Inc. v. L&L Wings, Inc.*, 2020 WL 6708236, at *4 (E.D.N.C. Nov. 13, 2020)(noting evidence that could be used to establish character or acts in conformity with character, "may be admissible 'for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'"); *Young v. Lacy*, 2020 WL 1677406, at *7 (S.D.W. Va. Apr. 6, 2020)(concluding evidence that party requested be excluded under Rule 404(b) was "admissible if it is introduced for another purpose . . . and if its probative value is not substantially outweighed by unfair prejudice.").

Respectfully submitted,

**GESTAMP WEST VIRGINIA, LLC,**
**By Counsel.**


*/s/ Raj A. Shah                    04/09/2021*
Raj A. Shah, Esquire (#11269)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
rshah@handl.com

6

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| AMBER D. HALL, | ) |
| Plaintiff, | ) |
| v. | ) |
| GESTAMP WEST VIRGINIA, LLC, KENNETH SUPRENANT & SCOTT HUGHES, | ) Civil Action No.: 2:20-cv-00146 |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I, Raj A. Shah, counsel for Defendants Gestamp West Virginia, LLC, Kenneth Suprenant, and Scott Hughes do hereby certify that on the **9th day of April 2021**, a true and exact copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NUMBER ONE TO EXCLUDE TESTIMONY OR EVIDENCE OF SEXUAL CONDUCT, SEXUALLY SUGGESTIVE COMMUNICATIONS, OR INTIMATE RELATIONSHIPS** has been served using the Court's CM/ECF system, which will deliver a true copy thereof to the following counsel of record:

Adrian Hoosier, Esquire
Hoosier Law Firm PLLC
Suite 100
213 Hale Street
Charleston, West Virginia 25301
***Counsel for Plaintiff***

*/s/ Raj A. Shah*          *04/09/2021*
Raj A. Shah, Esquire (#11269)
**HENDRICKSON & LONG, PLLC**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
rshah@handl.com