IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,          )
                              )
     Plaintiff,          )
                              )
v.                     )
                              )
GESTAMP WEST VIRGINIA, LLC,  )    Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH     )
SUPRENANT & SCOTT HUGHES,   )
                              )
     Defendant.        )
                              )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1

### Introduction

Members of the Jury:

Now that you have heard all of the evidence, it becomes my responsibility to instruct, or charge you, concerning the law that applies to this case. It is the Judge's duty to consider, determine and explain the rules of law that apply in a particular case. It is the Jury's responsibility and duty to consider and determine the facts of the case, that is, what the Jury believes to be the true facts from among all of the evidence in the case. I have no right to tell you which facts are established by the testimony and any exhibits. You, and only you, are the judges of the facts.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )        Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

### Duty to Follow Instructions

It is your duty as jurors to accept and follow the law as contained in these instructions, and to apply that law to the facts that you believe have been proved from all of the evidence in the case. Each instruction is as important as any other. You are not to single out one statement or instruction alone as stating the law and ignore the other instructions or parts of instructions. You are to consider and apply these instructions together as a whole and you are to regard each instruction in the light of all others. Any personal opinion which you, or any of you, may have as to facts not established by the evidence in this case cannot properly be considered by you as a basis for your verdict. As individuals you may believe that certain facts existed, but as jurors sworn to try this case and to render a true verdict on the law and the evidence, you can act only upon the evidence which has been properly introduced to you at this trial. You cannot speculate as to what may have happened in the absence of evidence on a given point. If you have any personal

opinion as to what the law is, or ought to be, you must put that opinion aside and accept and apply the law as it is.

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA, LLC,** | ) | **Civil Action No.:  2:20-cv-00146** |
| **BARRY HOLSTEIN, KENNETH** | ) | |
| **SUPRENANT & SCOTT HUGHES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

### Sympathy

In performing your duties as jurors you must not permit yourself to be influenced or swayed by sympathy, bias, prejudice or favor as to any party. All parties expect that you will carefully and impartially consider all of the evidence, accept and follow the law as contained in these instructions, and reach a just verdict, regardless of the consequences.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                              )
                                            )
          Plaintiff,                        )
                                            )
v.                                          )
                                            )
GESTAMP WEST VIRGINIA, LLC,                 )     Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                     )
SUPRENANT & SCOTT HUGHES,                   )
                                            )
          Defendant.                        )
                                            )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

### Natural Persons and Corporation

You should consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )     Civil Action No.: 2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5

### Consideration of the Evidence

You are to determine the facts of this case from the evidence alone. The "evidence" in the case always consists of the sworn testimony of all the witnesses, whether the witness appeared in person or by deposition regardless of who may have called the witness; and all exhibits received in evidence, regardless of who may have produced them. Accordingly, during your deliberations you should carefully consider the testimony of each and every witness and all exhibits.

Model Civil Jury Instruction

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**AMBER D. HALL,**                )
                                  )
        **Plaintiff,**            )
                                  )
**v.**                            )
                                  )
**GESTAMP WEST VIRGINIA, LLC,**   )        Civil Action No.:  2:20-cv-00146
**BARRY HOLSTEIN, KENNETH**       )
**SUPRENANT & SCOTT HUGHES,**     )
                                  )
        **Defendant.**            )
                                  )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

### Direct and Circumstantial

There are, generally speaking, two types of evidence from which a Jury may properly find the truth as to the facts of the case. One is direct evidence---such as the testimony of an eyewitness. The other is indirect or circumstantial evidence---the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the Jury find the facts in accordance with all of the evidence in this case, both direct and circumstantial.

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )        Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

### Facts and Inferences

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts in this case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. On the contrary, you are permitted to draw reasonable inferences that seem justified in the light of your own experiences from the facts you find have been proved. Inferences are deductions or conclusion which reason and common sense lead the Jury to draw from facts that have been established by the evidence in the case.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**AMBER D. HALL,**                      )
                                        )
      **Plaintiff,**               )
                                        )
**v.**                                  )
                                        )
**GESTAMP WEST VIRGINIA, LLC,**         )    **Civil Action No.:  2:20-cv-00146**
**BARRY HOLSTEIN, KENNETH**             )
**SUPRENANT & SCOTT HUGHES,**           )
                                        )
      **Defendant.**               )
                                        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

### Arguments and Stipulations

Nothing that I have said or done at any time during this trial shall be considered by you as evidence of any fact, or as an indication that I have any opinion concerning any fact, the credibility of the witnesses, or the weight of the evidence.

You should entirely disregard questions and exhibits to which an objection was sustained, or answers or exhibits that I have ordered stricken from the evidence. It is not the Jury's job to determine the admissibility or validity of an exhibit or other testimony. Do not draw any conclusions or speculations about why certain testimony or other evidence was excluded or admitted.

Nothing said or done by the attorneys is to be considered by you as evidence of fact. Opening statements and final arguments are intended to help you to understand the evidence and apply the law, but they are not evidence. Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                           )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )
                                         )
GESTAMP WEST VIRGINIA, LLC,              )     Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                  )
SUPRENANT & SCOTT HUGHES,                )
                                         )
        Defendant.                       )
                                         )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

### Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You, as jurors, are the sole judges of the "credibility of the witnesses" and the "weight of the evidence." The "credibility of a witness" means the truthfulness or lack of truthfulness of the witness. The "weight of the evidence" means the extent to which you are, or are not, convinced by the evidence. You should carefully scrutinize the testimony given, the circumstances under which the witness has testified and every matter in evidence which tends to indicate whether the witness is worthy of belief.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of differing witnesses, should be considered by you, and may or may not cause you to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon

experience. In weighing their effect, you should consider whether the inconsistencies or discrepancies pertain to a matter of importance, or an unimportant detail, and whether the discrepancy or inconsistency results from innocent error or wilful falsehood.

The number of witnesses testifying on one side or the other of an issue is not alone the test of the "credibility of the witnesses" and the "weight of the evidence." If warranted by the evidence, you may believe one witness against a number of witnesses testifying differently. The tests are: How truthful is the witness, and how convincing is his or her evidence, and which witnesses and which evidence appeals to your minds as being most accurate and otherwise trustworthy in the light of all the evidence and circumstances shown.

In determining the credit and weight you will give to the testimony of any witness who has testified before you, you may consider if found by you from the evidence:

(1) His or her good memory, or lack of memory;

(2) The witness' interest, or lack of interest in the outcome of the trial;

(3) The witness' relationship to any of the parties, or other witnesses;

(4) His or her demeanor and manner of testifying;

(5) His or her opportunity and means, or lack of opportunity and means to know the things about which he or she testified;

(6) The reasonableness, or unreasonableness of his or her testimony;

(7) His or her apparent fairness, or lack of fairness;

(8) The intelligence, or lack of intelligence of the witness;

(9) The bias, prejudice, hostility, friendliness or unfriendliness of the witness for or against any of the parties;

(10) Contradictory statements of any witness, if you believe the witness made any statements contradictory of his or her testimony. Understand, however, that you may not use statements you determine to be contradictory to establish the truth of such statements, unless the statements are made under oath in the court room.

(11) Witness' acts that you believe contradict their testimony;

From these considerations, and all other conditions and circumstances appearing from the evidence, you may give to the testimony of the witness such credit and weight as you believe it is entitled to receive.

If you believe that any witness in this case has knowingly testified falsely as to any material fact, after considering and weighing the testimony of such witness, you may disregard the whole of the testimony of the witness, or give it whatever weight and credit you believe the testimony is entitled to receive.

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**AMBER D. HALL,**                          )
                                            )
    **Plaintiff,**                       )
                                            )
**v.**                                      )
                                            )
**GESTAMP WEST VIRGINIA, LLC,**             )        **Civil Action No.:  2:20-cv-00146**
**BARRY HOLSTEIN, KENNETH**                 )
**SUPRENANT & SCOTT HUGHES,**               )
                                            )
    **Defendant.**                       )
                                            )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

### Expert Witnesses - Opinions

Ordinarily, witnesses are not permitted to testify as to opinions or conclusions. However, the rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the Jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify and state his opinion concerning such matters, and may state the reasons for the opinion. You should consider each expert opinion received in evidence in this case, and the reasons given in support of the opinion, and give it whatever weight you think it deserves. In determining the weight to be given to the opinion of an expert, you should consider the education, training and experience of the expert, the basis for the opinion, the confidence of the witness, the reasons and reasoning stated by the witness, the opinions of other similar witnesses on the same matters, and the rules generally applicable to other witnesses in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you should

conclude that the reasons given in support of the opinion are not sound, or merely speculative, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely, or give it such weight as you find it deserves.

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

| | |
|---|---|
| **AMBER D. HALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GESTAMP WEST VIRGINIA, LLC,** ) | **Civil Action No.:  2:20-cv-00146** |
| **BARRY HOLSTEIN, KENNETH** ) | |
| **SUPRENANT & SCOTT HUGHES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

### Burden of Proof

The burden of proof is on the plaintiff in a civil action such as this to prove each and every essential element of his or her claim by a preponderance of the evidence. If the proof should fail to establish any element of plaintiff's claim by a preponderance of the evidence in the case, or if the defendant's evidence outweighs the plaintiff's, or if the evidence is evenly balanced in the case, the Jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means a body of evidence that has more convincing force than the evidence that opposed it, and evidence that produces a belief in your mind that what a party is trying to prove is more likely true than not true.

While the burden is on the plaintiff to prove his claim by a preponderance of the evidence, this rule does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In a civil case, as opposed to criminal cases, it is proper to find that the plaintiff has succeeded in carrying the burden of proof if you believe that the evidence of the plaintiff outweighs that of the defendant even in the slightest degree, after considering all the evidence in the case.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )
GESTAMP WEST VIRGINIA, LLC,       )        Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH           )
SUPRENANT & SCOTT HUGHES,         )
                                  )
        Defendant.                )
                                  )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12

### Impeachment

A witness may be discredited or "impeached" by contradictory evidence, by showing that he or she testified falsely concerning a material matter, or by evidence that at some other time a witness has said or done something, or has failed to say or do something, that is inconsistent with the witnesses present testimony.

If you believe that any person testifying in this case has knowingly testified falsely to any material fact, you may believe such parts of their testimony as you believe to be true and reject such parts as you believe to be false, or you may refuse to believe any part of such testimony. It is for you to determine, from all the testimony taken and all the circumstances surrounding this case, which witnesses have testified truthfully and which ones, if any, have testified falsely.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                           )
                                         )
    Plaintiff,                       )
                                         )
v.                                       )
                                         )
GESTAMP WEST VIRGINIA, LLC,              )     Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                  )
SUPRENANT & SCOTT HUGHES,                )
                                         )
    Defendant.                       )
                                         )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13**

**Qualified Disabled Person Under HRA**

In the present case, the plaintiff Amber Hall contends that as a result of a work a medical condition she was an individual with a disability as that term is defined under the West Virginia Human Rights Act and its regulations.  A "disability" is defined as (1) a mental or physical impairment which substantially limits one or more of a person's major life activities; or (2) a record of such impairment; or (3) perception of such an impairment. [*Rules Regarding Discrimination Against Individuals with Disabilities* 77-1-2.]

The term "substantially limits" includes a "significant restriction as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform the same major life activity". [*Rules Regarding Discrimination Against Individuals with Disabilities* 77-2.5.2.]   The term "major life

activity" includes performing manual tasks and working. [*Rules Regarding Discrimination Against Individuals with Disabilities* 77-2.6.] A "qualified disabled person" protected by the West Virginia Human Rights Act includes a person who is temporarily unable to perform the requirements of the person's job due to their disability, with or without accommodation.

Therefore, if you find that Amber Hall was temporarily unable to perform the requirements of her job due to a disability, then she was a qualified disabled person protected by the Human Rights Act.

*Haynes v. Rhone-Poulene, Inc.*, 206 W.Va. 18, 31 (1999).

*Rules Regarding Discrimination Against Individuals with Disabilities* 77-1-2

*Rules Regarding Discrimination Against Individuals with Disabilities* 77-2.5.2.

*Rules Regarding Discrimination Against Individuals with Disabilities* 77-2.6.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                        )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )
                                      )
GESTAMP WEST VIRGINIA, LLC,           )        Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH               )
SUPRENANT & SCOTT HUGHES,             )
                                      )
        Defendant.                    )
                                      )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14

### Substantial Impairment in Working Includes Inability to Do Only One Job

West Virginia Human Rights Act, as created by our Legislature and as applied by

our courts and administrative agencies, represents an independent approach to the law of

disability discrimination that is not mechanically tied to federal disability discrimination

jurisprudence. In this regard, unlike under federal law, Amber Hall is entitled to protected

status as a qualified disabled person under West Virginia law if she was substantially

impaired in performing only her job as a result of her medical condition.

*Stone v. St. Joseph's Hosp.*, 208 W.Va. 91, 106 (W. Va. 2000)

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**AMBER D. HALL,**                    )
                                      )
    **Plaintiff,**                   )
                                      )
**v.**                                )
                                      )
**GESTAMP WEST VIRGINIA, LLC,**       )    **Civil Action No.:  2:20-cv-00146**
**BARRY HOLSTEIN, KENNETH**           )
**SUPRENANT & SCOTT HUGHES,**         )
                                      )
    **Defendant.**                   )
                                      )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15

### Duty to Provide Accommodation

Under the West Virginia Human Rights Act, W.Va. Code, 5-11-9 (1992), once a qualified disabled employee requests a reasonable accommodation, such as a return to work after their injury has healed,  the employer must assess the extent of an employee's disability and how it can be accommodated. If the employee cannot be accommodated in his or her current position, however it is restructured, then the employer must inform the employee of potential job opportunities within the company and, if requested, consider transferring the employee to fill the open position.

*Smith v. W.Va. Human Rights Comm'n*, 602 S.E.2d 445, 451 (W.Va. 2004).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )      Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16

### Discrimination - Burdens

In proving discrimination under the West Virginia Human Rights Act, the plaintiff bears the burden of proving by a preponderance of the evidence that the alleged forbidden bias was a motivating factor in the defendant's decision to take an adverse employment action against the plaintiff.  If the plaintiff carries that burden, then the jury should find for the plaintiff unless the defendant can prove by a preponderance of the evidence that it would have taken the same action in the absence of the impermissible motive. In making its determination on both intent and causation, the jury should take into account any inferences created by the plaintiff's membership in the protected class,  her qualifications, the defendant's explanation, the believability of that explanation, and all other relevant evidence bearing on the issues.

Syl. Pt. 8, *Skaggs v. Elk Run Coal Co., Inc.*, 198 W.Va. 51, 479 S.E.2d 561 (1996)

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA, LLC,** | ) | **Civil Action No.:  2:20-cv-00146** |
| **BARRY HOLSTEIN, KENNETH** | ) | |
| **SUPRENANT & SCOTT HUGHES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17

### Discrimination - Pretext

Under the West Virginia Human Rights Act, proof of pretext can by itself sustain a conclusion that the defendant engaged in unlawful discrimination. Therefore, if you find that the plaintiff has raised an inference of discrimination and you disbelieve the defendant's explanation for discharging the plaintiff or failing to rehire her, then you justifiably may conclude that the logical explanation for the action was the unlawful discrimination.

Syl. Pt. 5, Skaggs v. Elk Run Coal Co., Inc., 198 W.Va. 51, 479 S.E.2d 561 (1996).

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**AMBER D. HALL,**                        )
                                          )
    **Plaintiff,**                     )
                                          )
**v.**                                    )
                                          )
**GESTAMP WEST VIRGINIA, LLC,**           )      **Civil Action No.:  2:20-cv-00146**
**BARRY HOLSTEIN, KENNETH**               )
**SUPRENANT & SCOTT HUGHES,**             )
                                          )
    **Defendant.**                    )
                                          )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18

### Agency

The Court instructs the jury that the defendant Gestamp West Virginia, LLC, a

corporation within the meaning of the law, can only act through its officers, agents and

employees. Consequently, any act or omission by an officer, agent or employee of the

defendant, including Scott Hughes, in the performance of his duties is held in law to be

the act of Gestamp West Virginia, LLC.

Syl. Pts. 5 and 6, Travis v. Alcon Labs, Ac., 202 W.Va. 369, 504 S.E.2d 419 (1998);

Syl. Pt. 3, Musgrove v. Hickory Inn, Inc., 168 W.Va. 65, 281 S.E.2d 419 (1981);

Syl. Pt. 7, Paxton v. Crabtree, 184 W.Va. 237, 400 S.E.2d 245 (1990).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )    Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19**
**Termination of injured employee prohibited**

The Court instructs the jury that it is a discriminatory practice under the West Virginia

law for an employer to terminate an injured employee while the injured employee is off

work due to a compensable injury and is receiving or is eligible to receive temporary total

disability benefits, unless the injured employee has committed a separate dischargeable

offense. A separate dischargeable offense shall mean misconduct by the injured employee

wholly unrelated to the injury or the absence from work resulting from the injury. A

separate dischargeable offense shall not include absence resulting from the injury or from

the inclusion or aggregation of absence due to the injury with any other absence from

work.


W. Va. Code § 23-5A-3 (a).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )    Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20**

**No fixed standard or formula**

The Court instructs the jury that some damages are by their nature not capable of being proved to be worth a particular, specific dollar amount.  Losses that fall into this category include humiliation, mental and emotional distress and loss of personal dignity. Accordingly, if you find that the Plaintiff is entitled to recover in this case, you may award for such losses whatever amount appears reasonable to you based upon the evidence you have seen and heard. The law provides no fixed standard or mathematical formula by which these elements can be calculated.  The amount is left to your good discretion, based on the facts in evidence.

*Foster v. Sakhai*, 559 S.E.2d 53 (W.Va. 2001)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )    Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21**

**Back Pay and Future Earnings Loss**

The Court instructs the jury that if you determine that the defendant breached its legal duty to the plaintiff by terminating her employment or in refusing to rehire her then in arriving at the amount of any award for damages, you may consider an amount for back pay and an amount for her future lost earnings.

*Dobson v. Eastern Assoc. Coal Co.*, 188 W. Va. 17 (1992)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )        Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22

The Court instructs the jury that if you determine that the defendant breached its legal duty to the plaintiff by terminating her employment or in refusing to rehire her then you may consider an award of general damages for any mental distress, embarrassment, or humiliation you find she has suffered as a result of this breach.

*State H.R.C. v. Pearlman Realty Agency*, 239 S.E.2d 145 (W.Va. 1977);
*Bishop Coal v. Salyers*, 380 S.E.2d 238 (W.Va. 1989);
*Dobson v. Eastern Assoc. Coal Co*., 188 W. Va. 17 (1992)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )        Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24**

**Specific Intent Unnecessary**

The Court instructs the jury that in order for the plaintiff to prevail, it is not
necessary that she prove that the defendants had a deliberate and specific intent to engage
in disability discrimination.  If you find by a preponderance of the evidence that the
defendant acted on the basis of subconscious motives or stereotypes about the plaintiff's
disability, then you may find in favor of the plaintiff.  In other words, the defendants may
still be liable if  the plaintiff was treated differently because of subconscious motives or
stereotypes based upon her actual or perceived disability.

*Skaggs  v.  Elk Run Coal Co.,  Inc.*,  479 S.E.2d 561, 584,  588, n. 33  (W. Va.  1996)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )     Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24

### Compensatory Damages

The Court instructs the jury that the basic goal in awarding damages is to fairly and adequately compensate the plaintiff for the injuries and losses sustained. Compensatory damages are composed of two broad categories.  First there are those damages which are termed "liquidated" or "pecuniary" in the sense that they represent some form of expense or economic loss that can be rendered reasonably certain monetarily by a mathematical figure or calculation.   The second category of compensatory damages consists of intangible damages in the sense that there is no precise monetary calculation that can be used to determine the amount of loss.  This second category of damages includes damages such as mental distress, embarrassment and humiliation.  If you find that the plaintiff is entitled to recover damages, you are the sole judges of the amount of compensatory damages that will fairly and adequately compensate the plaintiff for the injuries and losses which you find he has sustained.

*Flannery v. United States*, 297 S.E.2d 433  (1982).

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )        Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25

### Inference - true reasons and Pretext

If you determine that the reasons offered by Defendants for their adverse actions against

Plaintiff are not the true reasons, then your rejection of those reasons permits an

inference against Defendants which you may consider in determining whether

Defendants discriminated against Plaintiff.

*Skaggs v. Elk Run Coal Co.*, 198 W. Va. 51, 71-72, 479 S.E.2d 561, 581-82 (1996).

### Pretext

Defendants have articulated reasons which, they claim, justify the decision to terminate

Plaintiff. Plaintiff claims that none of these reasons - singly or together - fully explains

him separation from employment and that the reasons given are, in fact, a pretext for

discrimination.

You are charged with the responsibility of determining whether the reasons offered by Defendants are or are not the real reasons for Plaintiff's termination. Plaintiff is not required to show that each of Defendants' proffered reasons is false, nor is he required to show that its opposite is true. It is him burden to prove that him receiving or attempting to receive workers compensation or handicap was a causal factor in him termination.

Notice that I said "a causal factor" and not "the" causal factor in the termination decision. Plaintiff is not required to show that her receiving or attempting to FMLA benefits, sex/gender, or disability was the sole factor in Defendants' decision -- only that it made a difference.

In considering whether the reasons Defendants offered to justify the termination are a complete explanation for these decisions, you must consider whether such reasons, or any of them, are so lacking in merit that they could not possibly have been relied upon. If so, such reasons are a pretext. You must also consider whether any meritorious reason was actually manufactured in order to avoid liability. If it was not actually relied upon at the time of Defendants' actions complained of by Plaintiff, it is a pretext.

As to meritorious reasons that were actually considered, you must still decide whether all such reasons (if any) for termination constitute a complete explanation or whether even all such genuine reasons (if any) would not have led to termination if Plaintiff's him receiving or attempting to receive workers compensation or handicap was not also a factor. You must consider Defendants' reasons as of the time the decision to terminate was actually made. Any proffered reason for Defendants' actions which might be meritorious, but not actually considered or relied upon at the time, is a pretext.

If you find that Defendants' reasons were pretextual and that discrimination was a causal

factor, you will find for the Plaintiff on liability.

*Skaggs v. Elk Run Coal Co., Inc.*, 198 W. Va. 51 (1996).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                                  )
                                                )
        Plaintiff,                              )
                                                )
v.                                              )
                                                )
GESTAMP WEST VIRGINIA, LLC,                     )    Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                         )
SUPRENANT & SCOTT HUGHES,                       )
                                                )
        Defendant.                              )
                                                )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26**
**Individual Liability**


        The Court instructs the jury that an individual can be held liable for his or her

discriminatory acts under the West Virginia Human Rights Act.  Therefore, if you find by

a preponderance of the evidence that Scott Hughes discriminated against the plaintiff on

the basis of her disability, you may find he individually liable for his discriminatory acts.


*Marshall  v.  Manville Sales Corp.*, 6 F3d 229  (4th Cir. 1993)

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

| | | |
|---|---|---|
| **AMBER D. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GESTAMP WEST VIRGINIA, LLC,** | ) | **Civil Action No.:  2:20-cv-00146** |
| **BARRY HOLSTEIN, KENNETH** | ) | |
| **SUPRENANT & SCOTT HUGHES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27

(Circumstantial Evidence of Pretext)

You may find circumstantial evidence of unlawful discrimination if you believe the explanations given by the defendants for the discharge of the plaintiff are internally inconsistent or not credible.  If the circumstantial evidence leads you to believe that the defendants' explanations for terminating the plaintiff are merely a pretext for a retaliatory motive, then you may find for the Plaintiff.

*West Virginia Institute of Tech. v. Human Rights Comm.* 383 S.E.2d 410 (W.Va. 1989).

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

AMBER D. HALL,                          )
                                        )
    Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )     Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
    Defendant.                      )
                                        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28

### Front Pay

The purpose of an award of front pay is to compensate a wrongfully terminated employee where reinstatement is not a practical alternative. The jury may presume, for purposes of awarding relief, that an illegally discharged employee would have continued working for the employer until she reached normal retirement age, unless the employer provides evidence to the contrary.

*Belk v. City of Eldon*, 228 F.3d 872, 883 (8th Cir. 2000); see also *Grantham v. Trickey*, 21F.3d 289, 296 (8th Cir. 1994).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                         )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )
                                       )
GESTAMP WEST VIRGINIA, LLC,            )        Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                )
SUPRENANT & SCOTT HUGHES,              )
                                       )
        Defendant.                     )
                                       )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29**

**Calculation of Backpay**

If you find that defendants unlawfully discriminated against the plaintiff by discharging her or failing to rehire her, you must determine the amount of backpay that she should receive. In determining backpay, you are to award the plaintiff an amount equal to the wages and benefits that she would have received from the defendants from the date of her discharge or the failure to rehire her until the date of the trial.

*Federal Bar Ass'n Subcommittee on Pattern Jury Instructions*, at 32 (July 1997).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )     Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30**

**Punitive Damages**

In addition to the damages mentioned in the other instructions, the law permits the jury under certain circumstances to award a person punitive damages in order to punish the defendants for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find that one or more of the defendants acted with malice or with reckless indifference to plaintiff's rights, then in addition to any damages to which you find plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages if you find it is appropriate to punish the defendants or to deter the defendants and others from like conduct in the future. Whether to award the plaintiff punitive damages, and the amount of those damages, are within your discretion.

If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different.

Adapted from *Model Jury Instructions (Civil) Eighth Circuit* § 5.04 (1998); *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**AMBER D. HALL,**                                )
                                                 )
     **Plaintiff,**                        )
                                                 )
**v.**                                           )
                                                 )
**GESTAMP WEST VIRGINIA, LLC,**                  )    **Civil Action No.:  2:20-cv-00146**
**BARRY HOLSTEIN, KENNETH**                      )
**SUPRENANT & SCOTT HUGHES,**                    )
                                                 )
     **Defendant.**                        )
                                                 )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31

(Punitives for Malicious or Reckless Conduct)

If you find that the plaintiff should recover compensation for damages, and if you further find that the conduct of one or more of the defendants was malicious or with reckless indifference to the legally protected rights of the plaintiff, then you may award punitive damages against that defendant. Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrong. Reckless conduct is the intentional doing of an act with utter indifference to the consequences.

*E.E.O.C. v. Wal-Mart Stores, Inc.,* 11 F. Supp.2d 1313, 1324 n.7 (D.N.M. 1998).

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

| | |
|---|---|
| **AMBER D. HALL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GESTAMP WEST VIRGINIA, LLC,** ) | **Civil Action No.:  2:20-cv-00146** |
| **BARRY HOLSTEIN, KENNETH** ) | |
| **SUPRENANT & SCOTT HUGHES,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32**

**Remedy for Wrongdoing**

The Court instructs the jury that when a wrong has been done, and the law gives a remedy, the compensation shall be equal to the injury....  The injured party is to be placed, as near as may be, in the situation she would have occupied if the wrong had not been committed.

*West Virginia Institute of Technology v. West Virginia Human Rights Com'n*,   181 W.Va. 525,  383 S.E.2d 490, 501  (W.Va. 1989).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )       Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33**

**Inference Evidence of Pretext**

One way in which a plaintiff may create an inference that the reasons provided by the employer for an employment decision are not true is by demonstrating that there were changes in the reasons given by the employer for its action. Thus, if the jury concludes that the reasons given for a decision have changed over time or that the employer has given different versions of its reasons for the same event, the jury may draw an inference that the reasons given by the employer are not the true reasons for the decision.

*E.E.O.C. v. Ethan Allen, Inc.* , 44 F.3d 116, 120 (2nd Cir. 1994).
*Hossani v. Western Missowi* Medical Center, 97 F.3d 1085, 1089 (8th Cir. 1996).
*Kobrin v. University of Minnesota* ,.34'F.3d 698, 703 (8th Cir. 1994)
*Newhouse v. McCormick*, 110 F.3d 635, 640 (8th Cir. 1997).
*Payne v. Norwest Corp.*,113 F.3d 1079 (9th Ci. 1997).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )     Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34

### Defendants' Burden to Prove Mitigation

        The Court instructs the jury that an employer seeking to avoid a lost wages award

bears the burden of demonstrating that a plaintiff has failed to satisfy the duty to mitigate.

The employer must do so by establishing (1) that comparable work existed and the

employee did not make reasonable efforts to obtain it or (2) that the employee made no

reasonable efforts to seek such employment.  Unless you find by a preponderance of the

evidence that the defendants have proven to your satisfaction that comparable work

existed or that the plaintiff made no reasonable efforts to seek such employment, then the

plaintiff has satisfied her duty to mitigate and you should award her the lost wages to

which you find her entitled.


*Mace v. Charleston Area Medical Center Foundation, Inc*., 188 W.Va. 57, 422 S.E.2d
624, 633  (W.Va. 1992).
*Broadnax v. City of New Haven*, 2005 WL 1684211 (2nd Cir. 2005)

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

AMBER D. HALL,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )
GESTAMP WEST VIRGINIA, LLC,             )     Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                 )
SUPRENANT & SCOTT HUGHES,               )
                                        )
        Defendant.                      )
                                        )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35**

**Juror Responsibility**

Your part in the administration of justice is exceedingly important. The parties in this

case have come into this court for a trial on issues that have developed and exist between

them. It is our duty--mine as judge, and yours as jurors--to see that all parties get a full

and fair trial. You have been chosen and sworn as jurors to try the issues of fact presented

in this case. You are to perform this duty without bias or prejudice to any party. The law

does not permit jurors to be governed by conjecture, surmise, speculation, prejudice, or

public opinion in these cases. The parties to this action rightfully expect that you will

carefully and impartially consider all the evidence in the case and that you will carefully

follow the law as stated to you by the Court.

Remember at all times, you are not partisans. You are judges--judges of fact. Your sole

interest is to seek the truth from the evidence of the case.

You are to answer the questions on the jury verdict form solely upon the evidence received at this trial. You are to be guided by the Court's instructions and your own sound judgment in considering the evidence in this case and in answering these questions.

After the closing arguments, this case is ready to be submitted to you for your serious deliberations. You will consider the case fairly, honestly, impartially, and in light of reason and common sense, and you will give each question on the verdict form your careful and conscientious consideration. Let your verdict speak the truth, whatever that truth may be.

Model Civil Jury Instructions

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

AMBER D. HALL,                              )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )
                                            )
GESTAMP WEST VIRGINIA, LLC,                 )        Civil Action No.:  2:20-cv-00146
BARRY HOLSTEIN, KENNETH                     )
SUPRENANT & SCOTT HUGHES,                   )
                                            )
        Defendant.                          )
                                            )

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 36**

**Mechanics of Deliberation**

This case will now be submitted to you with a verdict form, which is a series of questions. Your duty will be discharged by responding to the ones you deem appropriate based on the evidence and the Court's instructions. You will complete your work when you return the verdict form to the Court. It thereupon becomes the Court's duty to direct judgment according to law and according to the facts as you have found them.

Upon retiring to your jury room, you should first select one of your number to act as a Foreperson who will preside over your deliberations and will be your spokesperson here in Court.

You will take the verdict form to your jury room, and when you have reached unanimous agreement as to the verdict, you will have your Foreperson fill it in, date and sign it, and return to the courtroom.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

If you should desire to communicate with the Court during the deliberations, please reduce your message to writing signed by the Foreperson and pass the note to the bailiff, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, that any message or question you might send should never state or specify how the Jury stands, numerically or otherwise.

You will now hear argument of the attorneys.

Model Civil Jury Instructions

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

AMBER D. HALL,

     Plaintiff,

v.                                 **Civil Action Number:  2:20-cv-00146**
                                 **Judge:  John T. Copenhaver, Jr.**

GESTAMP WEST VIRGINIA, LLC,
BARRY HOLSTEIN,
KENNETH SUPRENANT,
& SCOTT HUGHES,

     Defendants.

## CERTIFICATE OF SERVICE

     I, D. Adrian Hoosier, II, counsel for Plaintiff, do hereby certify that I have served

the foregoing ***PLAINTIFF'S PROPOSED JURY INSTRUCTIONS,*** via United States

District Court E-filing, on this the 13th day of May, 2021, to the following:

Hendrickson & Long, PLLC
Attention:  Raj A. Shah
Post Office Box 11070
Charleston, West Virginia  25339

Burr & Forman, LLP
Attention:  Ronald W. Flowers, Jr.
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203

                     D. Adrian Hoosier, II, Esquire WVSB #10013